■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER SANCHEZ, Appellant. [126 NYS3d 25]—

Judgment, Supreme Court, Bronx County (Edgar G. Walker, J.), rendered June 28, 2012, convicting defendant, upon his plea of guilty, of operating a motor vehicle while under the influence of alcohol, and sentencing him to a conditional discharge and a $500 fine, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings.

The record fails to demonstrate that defendant was informed of any of the constitutional rights that he was waiving by pleading guilty (*see Boykin v Alabama*, 395 US 238 [1969]) or that he consulted with counsel about the constitutional consequences of his guilty plea (*People v Tyrell*, 22 NY3d 359, 361 [2013]; *People v Miller*, 113 AD3d 573 [1st Dept 2014]). The only question addressed by the court to defendant was whether he wanted to plead guilty. Defense counsel then waived "further allocution," and the court imposed sentence.

The People's reliance on *People v Perez* (116 AD3d 511 [1st Dept 2014], *lv granted* 24 NY3d 1004 [2014]), where this Court upheld a waiver of "formal allocution" regarding a plea to disorderly conduct resulting in a fine, is misplaced. Unlike disorderly conduct, driving while intoxicated is not a petty offense. Such a conviction is a misdemeanor rather than a traffic infraction, it affects a defendant's driving privileges, and it can be the basis for elevating a subsequent similar charge to a felony. Furthermore, in *Perez* there was more in the record than here to show consultation with counsel concerning the plea. Concur—Gonzalez, P.J., Tom, Richter and Kapnick, JJ.