The People of the State of New York, Respondent, 
against
Jonathan Espinal, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Frank P. Nervo, J.), rendered December 13, 2011, convicting him, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Frank P. Nervo, J.), rendered December 13, 2011, reversed, on the law, accusatory instrument dismissed, and surcharge, if paid, remitted.
This court previously denied the application by then-assigned counsel for leave to withdraw under People v Saunders, 52 AD2d 833 (1976), because our independent review of the record revealed the existence of nonfrivolous issues that could be raised on appeal (see People v Espinal, 54 Misc 3d 146[A], 2017 NY Slip Op 50300[U] [App Term, 1st Dept 2017]). We appointed substitute counsel, who then filed a brief arguing that defendant's conviction must be vacated since the plea record lacks the requisite "affirmative showing" that defendant understood and waived his Boykin rights (Boykin v Alabama, 395 US 238, 242 [1969]; People v Tyrell, 22 NY3d 359, 365 [2013]). In response, the People, who on the prior application took no position on the matter, now (correctly) concede that the plea was invalid and must be vacated, and also agree that dismissal of the accusatory instrument is the appropriate corrective action in this particular case (cf. People v Conceicao, 26 NY3d 375, 385 n 1 [2015]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 13, 2017