OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be affirmed.
A guilty plea is not invalid solely because the trial court failed to recite a defendant’s constitutional rights under Boykin v Alabama (395 US 238 [1969]; see People v Conceicao, 26 NY3d 375 [2015] [decided herewith]). The record as a whole, however, must affirmatively demonstrate that defendant knowingly, intelligently and voluntarily waived those rights (see People v Harris, 61 NY2d 9, 17 [1983]).
*1064 The Appellate Term correctly concluded that the record in this case affirmatively shows a knowing, intelligent and voluntary waiver. Although he was initially charged with a felony, defendant pleaded guilty to promoting prostitution in the fourth degree (Penal Law § 230.20), a class A misdemeanor, in exchange for a $250 fine. He discussed the plea with his attorney for two days and personally confirmed that he was pleading guilty of his own free will because he was, in fact, guilty of the charge. The court ensured that defendant was aware of any potential immigration consequences and also that the conviction would add to his criminal record. We are satisfied that these facts establish a knowing, intelligent and voluntary waiver.