OPINION OF THE COURT
Pigott, J.
The primary issue in these appeals is whether defendants entered knowing, intelligent and voluntary guilty pleas when the trial courts failed to mention the constitutional rights defendants were waiving — the right to a trial by jury, the right to confront one’s accusers and the privilege against self-incrimination (see Boykin v Alabama, 395 US 238, 243 [1969]). We hold that the failure to recite the Boykin rights does not automatically invalidate an otherwise voluntary and intelligent plea. Where the record as a whole affirmatively shows that the defendant intentionally relinquished those rights, the plea will be upheld. The records in People v Perez and People v Sanchez contain such a showing, and therefore defendants’ pleas were valid. Defendant’s plea in People v Conceicao must be vacated because the record fails to establish a knowing and intelligent waiver.
L

People v Conceicao

On December 30, 2009, defendant Joseph Conceicao was arrested and charged with criminal possession of a controlled substance in the seventh degree, a class A misdemeanor (Penal *380 Law § 220.03). The next day at arraignment, the People recommended a plea to the charge in exchange for two days of community service. Defendant stated that he wished to plead guilty, and the court imposed the agreed-upon sentence.
Defendant appealed, arguing that his plea was not knowing and voluntary because he was never informed of his Boykin rights. The Appellate Term affirmed the judgment of conviction, holding that defendant’s challenge to the adequacy of the plea allocution was unpreserved for appellate review and declining to review it in the interest of justice. Alternatively, the court found defendant’s plea voluntary, knowing and intelligent (People v Conceicao, 33 Misc 3d 132[A], 2011 NY Slip Op 51927[U] [App Term, 1st Dept 2011]). A Judge of this Court granted defendant leave to appeal (23 NY3d 961 [2014]).

People v Perez

Defendant Federico Perez was initially charged with failure to disclose the origin of a recording (Penal Law § 275.35), criminal possession of marijuana in the fifth degree (Penal Law § 221.10 [1]) and unlawful possession of marijuana (Penal Law § 221.05). Two months after his arrest, defendant rejected an offer to plead guilty to disorderly conduct in exchange for a $250 fine, and his attorney moved to suppress evidence and dismiss the first two counts of the accusatory instrument. After five months of litigation, the People offered a plea of disorderly conduct in exchange for a $100 fine, and the court adjourned the case for an additional month so that defendant could consider the offer. Defendant accepted the offer, stated that he wished to plead guilty to a violation in satisfaction of the charges against him, and confirmed that he “had enough time to speak to [his attorney] about th[e] plea.”
Defendant then appealed, arguing his plea was invalid because the court failed to mention any of the Boykin rights. The Appellate Division affirmed the judgment of conviction, finding that “the particular circumstances of the case . . . established] defendant’s understanding and waiver” (People v Perez, 116 AD3d 511, 511 [1st Dept 2014]). A Judge of this Court granted defendant leave to appeal (24 NY3d 1004 [2014]).

People v Sanchez

Defendant Javier Sanchez was arrested for operating a motor vehicle while under the influence of alcohol, an unclassified *381 misdemeanor (Vehicle and Traffic Law §§ 1192 [1], [2], [3]; 1193 [1] [b]). Six months later, on the day of defendant’s scheduled trial, defense counsel alerted the court that defendant wanted to plead guilty to the charge in exchange for a $500 fine, completion of a “drunk driver’s program,” installation and maintenance of an ignition lock and six-month revocation of his license. The prosecutor confirmed the conditions of the plea, and the defendant stated that he agreed to plead guilty. When asked by the court and with defendant at his side, defense counsel waived further allocution, prosecution by information and adjournment for sentence, and the court imposed the agreed-upon sentence.
Defendant appealed, arguing the plea was not voluntary, knowing and intelligent because the trial court did not mention any of the Boykin rights. The Appellate Division reversed the judgment of conviction, vacated the plea and remanded for further proceedings on the ground that the “record fail[ed] to demonstrate that defendant was informed of any of the constitutional rights that he was waiving ... or that he consulted with counsel about the constitutional consequences of his guilty plea” (People v Sanchez, 126 AD3d 482, 482-483 [1st Dept 2015]). A Judge of this Court granted the People leave to appeal (25 NY3d 1077 [2015]).
IL
As a threshold matter, we conclude that defendants’ claims are reviewable on direct appeal despite the fact that none of the defendants moved to withdraw his plea or vacate the judgment of conviction.
“Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea ... or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10” (People v Peque, 22 NY3d 168, 182 [2013] [citations omitted]). We have recognized a narrow exception to the preservation requirement, however, where the particular circumstances of a case reveal that a defendant had no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record (People v Louree, 8 NY3d 541, 546 [2007]). If a defendant has an opportunity to seek relief from the sentencing court, he must preserve his challenge to the plea (see People v Crowder, 24 NY3d 1134, 1136 [2015] [requiring defendant to preserve his challenge to the plea allocution where he “had three opportunities to *382 object”]; People v Murray, 15 NY3d 725, 727 [2010] [requiring defendant to preserve his challenge to the plea allocution where he “could have sought relief from the sentencing court in advance of the sentence’s imposition”]).
In People v Tyrell (22 NY3d 359 [2013]) we reviewed a defendant’s Boykin claims on direct appeal, notwithstanding the absence of a postallocution motion, where the defendant had no opportunity to withdraw the plea before imposition of the sentence (id. at 364, quoting Louree, 8 NY3d at 546, and People v Lopez, 71 NY2d 662, 666 [1988]). Although we suggested in dicta that a court’s failure to mention the Boykin rights may also be viewed as a mode of proceedings error, categorically exempt from the preservation rule, we make clear today that the preservation requirement still applies to Boykin claims depending upon the particular circumstances of a case. Thus, a challenge to the validity of a plea, whether based on the court’s failure to mention the Boykin rights or some other alleged defect in the allocution, must be preserved depending on the facts of a case. Because defendants in these appeals faced a practical inability to move to withdraw their pleas, we may review their unpreserved claims.
We further reject the People’s contention that Tyrell announced a “new” rule of preservation. Tyrell “merely applie[d] previously established principles in a new factual setting” (People v Favor, 82 NY2d 254, 263 [1993]), concluding that “[u]nder the particular circumstances of th[at] case[ ] . . . defendant’s Boykin claims [we] re reviewable on direct appeal” (Tyrell, 22 NY3d at 363). Because Tyrell did not announce a new rule, we have no occasion to consider the circumstances in which new rules apply retroactively (see People v Pepper, 53 NY2d 213 [1981]) and turn to the merits of defendants’ claims.
III.
Trial courts have “a vital responsibility” to ensure that a defendant who pleads guilty makes a knowing, voluntary and intelligent choice among alternative courses of action (People v Harris, 61 NY2d 9, 19 [1983]). They need not engage in any particular litany, however, as “we have repeatedly rejected a formalistic approach to guilty pleas and have steered clear of a uniform mandatory catechism of pleading defendants” (Tyrell, 22 NY3d at 365 [internal quotation marks omitted]). Instead, we have opted for a flexible rule that considers “all of the relevant circumstances surrounding” a plea (Harris, 61 NY2d *383 at 19 [emphasis omitted], quoting Brady v United States, 397 US 742, 749 [1970]). Among other factors, we evaluate “[t]he seriousness of the crime, the competency, experience and actual participation by counsel, the rationality of the ‘plea bargain’, . . . the pace of the proceedings in the particular criminal court” and whether the defendant consulted with his attorney about the constitutional consequences of the plea (id. at 16). So long as the record as a whole “affirmatively disclose [s] that a defendant who pleaded guilty entered his plea understandingly and voluntarily,” the plea will be upheld (id. at 19 [internal quotation marks omitted]).
Our recent decision in Tyrell
“signalled] no retreat from the principle that trial courts retain broad discretion in the taking of pleas and need not follow any kind of rigid catechism. We merely applied] the well-settled proposition that the record as a whole must contain an affirmative demonstration of the defendant’s waiver of his fundamental constitutional rights” and concluded that the particular facts in that case did not establish such a waiver (Tyrell, 22 NY3d at 366).
Although we emphasized the plea court’s failure to discuss any of the Boykin rights on the record, we did not announce a rule that a discussion of those rights is invariably required where the record shows, or “an allegation and evidence” show, that an accused intelligently and understandingly rejected his constitutional rights (id. at 365-366). To the contrary, we based our decision, at least in part, on the absence in the record of any indication that “defendant spoke with his attorney” about the consequences of the plea, for which the court imposed a sentence of incarceration (id. at 366).
Having searched the records in each of these appeals, we hold that defendants, with the exception of Conceicao, intelligently and understandingly waived their constitutional rights.
In Perez, defendant pleaded guilty to a non-criminal offense that carried no consequences other than the $100 fine he paid. Defendant’s attorney actively litigated the case for seven months, demonstrating “the competency, experience and actual participation by counsel” — factors we weigh in determining whether there was a valid waiver (Harris, 61 NY2d at 16). Furthermore, the court adjourned the matter for an additional month just so defendant could consider the plea that he *384 ultimately accepted, and defendant stated on the record that he had enough time to discuss the plea with his attorney. In our view, the Appellate Division correctly concluded that the record as a whole “established] defendant’s understanding and waiver of his constitutional rights” (Perez, 116 AD3d at 511).
The record in Sanchez similarly reflects a knowing and voluntary plea. Represented by the same attorney that represented the defendant in Perez, defendant filed numerous pretrial motions and actively litigated the case for six months. Moreover, defendant was aware of his right to a trial, because his case was on for trial the very same day that defendant pleaded guilty. That his attorney announced at the start of the plea proceeding, without the need for any additional discussion with defendant or the prosecutor, that defendant had decided to plead guilty rather than proceed to the scheduled trial further confirms that defendant made the decision to plead guilty after consulting with counsel prior to the start of the proceeding. And as in Perez, defendant, through his attorney, waived a more detailed allocution that might have entailed discussion of the Boykin rights.
We recognize that a DWI is a serious offense that “affects a defendant’s driving privileges” and “can be the basis for elevating a subsequent similar charge to a felony” (Sanchez, 126 AD3d at 483). We are also aware that defendant did not affirmatively state on the record, as did the defendant in Perez, that he had enough time to speak with his attorney about the plea. Though the plea allocution in Sanchez could have been more robust, the record as a whole reveals a knowing and intelligent choice among alternative courses of action.
By contrast, the record in Conceicao, like the record in Tyrell, contains no discussion of any of the circumstances surrounding the plea or the rights defendant waived; nor does it indicate whether defendant spoke with his attorney before entering the plea. Defendant’s only interaction with the court was stating that he wished to plead guilty. Because the totality of the circumstances in Conceicao reveal that defendant did not have an opportunity to discuss the plea with his attorney or consider its consequences, his plea was invalid.
Accordingly, the order of the Appellate Term in People v Conceicao should be reversed, and the case remitted to Criminal *385 Court of the City of New York for further proceedings.* The order of the Appellate Division in People v Perez should be affirmed. The order of the Appellate Division in People v Sanchez should be reversed, and the judgment of Supreme Court reinstated.

 Unlike the parties in Tyrell, the People do not agree that dismissal is the appropriate corrective action in this case (see Tyrell, 22 NY3d at 366). Under the circumstances, we find a “penological purpose[ ]” in sending the case back to Criminal Court (see People v Allen, 39 NY2d 916, 918 [1976]; People v Mones, 130 AD3d 1244, 1247 [3d Dept 2015] [remitting matter to County Court after vacating plea on the ground that defendant did not knowingly and voluntarily waive constitutional rights]; People v Bacetty-Ortiz, 49 Misc 3d 130[A], 2015 NY Slip Op 51420[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] [same]).