The People of the State of New York, Respondent,
against
Diego Alvarez, also Known as Fernando Mendiexa, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Gia L. Morris, J.), rendered October 10, 2012. The judgment convicted defendant, upon his plea of guilty, of petit larceny.




ORDERED that the judgment of conviction is affirmed.
On September 14, 2011, the People charged defendant, in a misdemeanor complaint, with petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). A separate charge, bail jumping in the third degree (Penal Law § 215.55), was also pending. On October 10, 2012, defendant pleaded guilty to petit larceny and bail jumping in the third degree in satisfaction of the outstanding accusatory instruments and was immediately sentenced to concurrent terms of 45 days' incarceration. Defendant appeals from the judgment convicting him of petit larceny, arguing that the plea colloquy therefor failed to demonstrate that the plea was knowingly and intelligently entered, because he was not advised that, by pleading guilty, he waived the right to confront witnesses against him at a trial of the charge (see Boykin v Alabama, 395 US 238, 243 [1969]; People v Tyrell, 22 NY3d 359, 365 [2013]). Defendant also claims that the record does not reveal that he had a sufficient opportunity to consult with his counsel as to the consequences of a plea.
Although defendant's claims are preserved for appellate review (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Louree, 8 NY3d 541, 546 [2007]; People v Rosa, 135 AD3d 434 [2016]), we find them to be without merit. "A guilty plea is not invalid solely because the trial court failed to recite a defendant's constitutional rights under Boykin" (People v Pellegrino, 26 NY3d 1063, 1063 [2015]; see also Conceicao, 26 NY3d at 383; People v Harris, 61 NY2d 9, 19 [1983]). Rather, the emphasis is on "the record as a whole and the circumstances of the plea in its totality" (People v Sougou, 26 NY3d 1052, 1055 [2015]). Here, defendant stated that he understood that, by pleading guilty, he "gave up" the right to remain silent, the right to a jury trial, and the right to require that the People prove his guilt beyond a reasonable doubt. The omission of one or another of the particular trial-related constitutional rights emphasized in Boykin, standing alone, is an insufficient reason to vacate a guilty plea (see e.g. Sougou, 26 NY3d at 1055; People v Stanley, 50 Misc 3d 146[A], 2016 NY Slip Op 50305[U], *1 [App Term, 1st Dept 2016]; People v Stutley, 50 Misc 3d 135[A], 2016 NY Slip Op 50055[U], *1 [*2][App Term, 1st Dept 2016]). Further, in addition to waiving the rights noted above, defendant admitted that he had stolen property from a Macy's department store, that he was aware of the potential immigration consequences of a judgment of conviction, that his plea was "freely" made, and that the judgment of conviction would "add to his criminal record" (Pellegrino, 26 NY3d at 1064), all indicia of a knowing and intelligent plea. Finally, the record reveals that defendant had had an adequate opportunity to consult with his counsel with respect to the trial-related consequences of a plea (see Conceicao, 26 NY3d at 383). Defendant was represented from the date of his arraignment (September 15, 2011), and, in the course of the plea colloquy, the Criminal Court halted the proceedings to permit defendant an additional opportunity to consult with his counsel with respect to the proposed guilty plea, after which defendant assured the court that he had "discussed this matter fully with [his] attorney." As, by his plea, defendant avoided an additional criminal conviction and significantly limited his sentencing exposure to concurrent terms of 45 days' incarceration, the plea bargain appears rational (see Conceicao, 26 NY3d at 383).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: July 26, 2016