The People of the State of New York, Respondent,
against
Ruslan Burca, Appellant.




New York City Legal Aid Society (Rachel L. Pecker, Esq.), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi and Tina Grillo, of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (John F. Zoll, J.), rendered January 5, 2016. The judgment convicted defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]).




ORDERED that the judgment of conviction is reversed, on the law, defendant's guilty plea is vacated and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
At his arraignment, defendant waived his right to be prosecuted by an information and pleaded guilty to aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). On appeal, defendant contends that the accusatory instrument was facially insufficient in that it failed to allege that he knew, or should have known, that his driver's license had been suspended. Defendant further argues that his plea of guilty was not entered knowingly, intelligently and voluntarily.
Defendant's contention regarding the facial sufficiency of the accusatory instrument with respect to the charge of aggravated unlicensed operation of a motor vehicle in the third degree is jurisdictional and, therefore, may be raised on appeal even though defendant did not raise this contention in the Criminal Court (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v [*2]Kalin, 12 NY3d 225, 229 [2009]; People v Konieczny, 2 NY3d 569 [2004]). However, a hearsay defect in an accusatory instrument is not jurisdictional and is forfeited by a guilty plea (see People v Keizer, 100 NY2d 114, 121 [2003]). As defendant waived his right to be prosecuted by an information, the facial sufficiency of the accusatory instrument must be measured by the standard required of misdemeanor complaints (see People v Dumay, 23 NY3d 518, 522 [2014]).
In his supporting deposition, the police officer alleged that he believed that defendant knew, or had reason to know, that his driver's license had been suspended based upon the officer's search of the official, computerized records of the Department of Motor Vehicles, which indicated that defendant's license had been suspended at the time of the offense at issue as a result of defendant's failure to answer prior summonses, and that all such summonses feature a warning that "if you do not answer this ticket by mail within fifteen (15) days, your license will be suspended. The suspension occurs automatically, by computer, within 4 weeks of the defendant's failure to answer." The officer further alleged that, during the traffic stop, defendant was unable to produce a valid driver's license. The accusatory instrument, read together with the supporting deposition and the attached documents, sufficiently alleges "facts of an evidentiary character supporting or tending to support" the charge of aggravated unlicensed operation of a motor vehicle in the third degree (see CPL 100.15 [3]; Vehicle and Traffic Law § 511 [1] [a]), and the factual allegations "provide reasonable cause to believe that defendant committed the offense charged" (CPL 100.40 [4] [b]), including that defendant knew, or had reason to know, of the suspension of his license (see Vehicle and Traffic Law § 511 [1]; People v Scott, 47 Misc 3d 138[A], 2015 NY Slip 50588[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Sanago, 35 Misc 3d 143[A], 2012 NY Slip Op 50943[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; People v Austin, 34 Misc 3d 136[A], 2011 NY Slip Op 52402[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Defendant's contention that his guilty plea was not entered into knowingly, intelligently and voluntarily—because, aside from a single reference to a nonjury trial, he had never been apprised of any other constitutional rights that he was forfeiting by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]; People v Tyrell, 22 NY3d 359 [2013])—is preserved for appellate review since defendant pleaded guilty and was sentenced in the same proceeding, and, thus, he had "no opportunity to withdraw the plea before imposition of the sentence" (People v Conceicao, 26 NY3d 375, 382 [2015]; see also People v Louree, 8 NY3d 541, 546 [2007]; People v Ayala, 55 Misc 3d 150[A], 2017 NY Slip Op 50755[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Sabino, 51 Misc 3d 142[A], 2016 NY Slip Op 50675[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
A "guilty plea is not invalid solely because the trial court failed to recite a defendant's constitutional rights under Boykin v Alabama. The record as a whole, however, must affirmatively demonstrate that defendant knowingly, intelligently and voluntarily waived those rights" (People v Pellegrino, 26 NY3d 1063, 1063 [2015] [citations omitted]; see also People v Conceicao, 26 NY3d at 382-384), and "a valid waiver can be established where . . . the defendant consulted with [his or her] attorney about the constitutional consequences of a guilty plea' " (People v Sougou, 26 NY3d 1052, 1055 [2015], quoting People v Tyrell, 22 NY3d at 365). In the case at bar, defendant pleaded guilty on the same day he was arraigned on the accusatory instrument, and merely answered two questions posed by the Criminal Court — [*3]whether he wanted to plead guilty and whether he understood that, by pleading guilty, he forfeited the right to a nonjury trial at which the District Attorney would have to prove the charges against him beyond a reasonable doubt. Defendant replied yes to each question. The record on appeal does not indicate that defendant signed a waiver of misdemeanor rights form, discussed the waiver of his constitutional rights with his attorney, or otherwise had the benefit of his attorney's guidance, prior to pleading guilty, in regard to the constitutional rights he was forfeiting. Defendant also did not inform the court that his plea was voluntary and that he understood the consequences of the plea (cf. People v Ayala, 55 Misc 3d 150[A], 2017 NY Slip 50755[U], *1; People v Sokolov, 51 Misc 3d 140[A], 2016 NY Slip Op 50618[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). In view of the foregoing, we find that the record as a whole did not affirmatively demonstrate that defendant's plea was knowingly, intelligently and voluntarily entered into and, therefore, the plea must be vacated (see Boykin v Alabama, 395 US at 244; see also People v Conceicao, 26 NY3d at 384; People v Tyrell, 22 NY3d at 366; People v Crawford, 55 Misc 3d 150[A], 2017 NY Slip Op 50731[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Andino, 50 Misc 3d 133[A], 2016 NY Slip Op 50030[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). 
Furthermore, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed since defendant has completed his sentence, only relatively minor offenses were charged in the instrument, and no penological purpose would be served by reinstating the proceedings (see People v Vicuna, 53 Misc 3d 153[A], 2016 NY Slip Op 51734[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Barnes, 46 Misc 3d 137[A], 2015 NY Slip Op 50034[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Facey, 30 Misc 3d 138[A], 2011 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; cf. People v Allen, 39 NY2d 916, 917-918 [1976]).
Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated and the accusatory instrument is dismissed.
ELLIOT, J.P., PESCE and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 12, 2018