The People of the State of New York, Respondent, 
against
George Scivolette, Appellant.




Dutchess County Public Defender (Larwence D. King of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Poughkeepsie, Dutchess County (Steven L. Krakower, J.), rendered August 31, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was initially charged with numerous felonies, including three counts of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]; [c] and [d]). The charges resulted from an encounter defendant had had with the complainant, in which defendant had violated the terms of an order of protection that had been issued against defendant in favor of the complainant.
The Justice Court's return indicates that on February 10, 2015, defendant appeared with counsel and was arraigned on the aforementioned charges. Thereafter, defendant appeared with counsel at least six times for a preliminary hearing which was ultimately adjourned until June 30, 2015 when the matter was "waived to the Grand Jury." On August 31, 2015, the matter was returned to the Justice Court and all of the felony charges were subsequently reduced to misdemeanor charges. Pursuant to plea negotiations, defendant pleaded guilty to the charge of criminal contempt in the second degree (Penal Law § 215.50 [3]), in full satisfaction of all the charges. On the same day that he was arraigned on the reduced charges, defendant answered questions posed by the Justice Court—whether he wanted to plead guilty, whether his attorney had "explain[ed] . . . the consequence of pleading guilty," and if he was satisfied with his attorney's representation and the advice his attorney had given—and he replied "yes" to each question.
On appeal, defendant contends, among other things, that the judgment of conviction must be reversed since the record lacks the requisite "affirmative showing" that defendant understood and waived his Boykin rights (Boykin v Alabama, 395 US 238, 242 [1969]).
Defendant's claim is reviewable on direct appeal, despite the fact that he did not preserve [*2]it by moving to withdraw his plea pursuant to CPL 220.60 (3) or to vacate the judgment of conviction pursuant to CPL 440.10, as his plea and sentence took place at the same proceeding (see People v Tyrell, 22 NY3d 359, 364 [2013]).
"A guilty plea is not invalid solely because the trial court failed to recite a defendant's constitutional rights under Boykin v Alabama (395 US 238 [1969]; see People v Conceicao, 26 NY3d 375 [2015] [decided herewith]). The record as a whole, however, must affirmatively demonstrate that [the] defendant knowingly, intelligently and voluntarily waived those rights" (People v Pellegrino, 26 NY3d 1063, 1063 [2015]). In one of the three appeals decided in People v Conceicao, People v Perez, the defendant filed numerous pretrial motions and actively litigated the case for six months, "and defendant stated on the record that he had enough time to discuss the plea with his attorney" (Conceicao, 26 NY3d at 384). Consequently, the Court of Appeals determined that "the record as a whole established defendant's [Perez's] understanding and waiver of his constitutional rights" (Conceicao, 26 NY3d at 384 [internal quotation marks omitted]).
Similarly, in the case at bar, defendant had "ample opportunity to consult with counsel with respect to the consequences of a guilty plea as it relates to [his] trial-related constitutional rights" (People v Robinson, 57 Misc 3d 138[A], 2017 NY Slip Op 51309[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). In fact, the record establishes that, after multiple court appearances between the date the charges were filed and the date of his guilty plea, defendant acknowledged that his attorney had explained the "consequence of pleading guilty" to him and that he was satisfied with his attorney's representation (see People v Molina, 146 AD3d 815, 815-816 [2017]; People v Ialacci, — Misc 3d &mdash, 2018 NY Slip Op 50634[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Robinson, 57 Misc 3d 138[A], 2017 NY Slip Op 51309[U], *2). Under the circumstances presented, the record as a whole affirmatively demonstrates that defendant entered his plea of guilty knowingly, voluntarily, and intelligently (see People v Conceicao, 26 NY3d at 382-383; People v Harris, 61 NY2d 9, 19-20 [1983]).
Accordingly, the judgment of conviction is affirmed.
BRANDS, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 14, 2018