The People of the State of New York, Respondent, 
against
Joy Barrett-Jones, Appellant.




New York City Legal Aid Society (Rachel L. Pecker of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Alan D. Marrus, J.), rendered April 16, 2016. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the seventh degree and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, defendant's guilty plea is vacated, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
At her arraignment, defendant, while represented by counsel, pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), as charged. She was sentenced to time served in the same proceeding. On appeal, defendant contends that her guilty plea was not entered into knowingly, voluntarily, and intelligently. The People concede that the plea allocution was insufficient and that, consequently, the judgment of conviction should be reversed and the guilty plea vacated.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013]; see also People v Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception to the preservation requirement has been recognized where the particular circumstances of a case reveal that the defendant had no actual or practical ability to object to an alleged error in the taking of a plea that is clear from the face of the record (see People v Williams, 27 NY3d 212, 219-223 [2016]; Conceicao, 26 NY3d 375; People v Louree, 8 NY3d 541, 546 [2007]). Here, although defendant did not move to withdraw her plea or vacate the judgment of conviction, since she was sentenced in the proceeding in which she entered her plea of guilty, she "faced a practical inability to move to withdraw [her] plea" (Conceicao, 26 NY3d at 382).
Where a defendant pleads guilty, the record as a whole must affirmatively demonstrate that the defendant knowingly, intelligently and voluntarily waived his or her constitutional rights [*2]under Boykin v Alabama (395 US 238 [1969]) (see People v Pellegrino, 26 NY3d 1063 [2015]; Conceicao, 26 NY3d 375; People v Harris, 61 NY2d 9, 17 [1983]). Here, as the People correctly concede, defendant's conviction must be reversed and her guilty plea vacated, as the plea allocution contained no discussion whatsoever of any of the constitutional rights she was waiving by pleading guilty, and there is no indication in the record that defendant had spoken with her attorney regarding the consequences of taking the plea before doing so or that otherwise, under the circumstances, defendant understood the rights she was waiving (see Conceicao, 26 NY3d 375; People v Tyrell, 22 NY3d 359 [2013]). Consequently, it cannot be said that the record as a whole affirmatively discloses that defendant entered her guilty plea knowingly, understandingly, and voluntarily (see Conceicao, 26 NY3d at 383; Harris, 61 NY2d at 19; People v Vicuna, 53 Misc 3d 153[A], 2016 NY Slip Op 51734[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), and, thus, the judgment of conviction must be reversed and the guilty plea vacated.
Instead of reinstating the accusatory instrument to its prepleading status (see CPL 470.55 [2]), we dismiss it, as a matter of discretion in the interest of justice, since defendant has completed her sentence and, under the totality of the circumstances presented, we are of the opinion that no penological purpose would be served in restoring the criminal action (see Vicuna, 53 Misc 3d 153[A], 2016 NY Slip Op 51734[U]; People v Moore, 48 Misc 3d 143[A], 2015 NY Slip Op 51337[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. People v Allen, 39 NY2d 916, 917-918 [1976]).
Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated, and the accusatory instrument is dismissed.
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2018