The People of the State of New York, Respondent,
against
Giovanni Famiglietti, Appellant.




Nassau County Legal Aid Society (Tanny Feman and Argun M. Ulgen of counsel), for appellant.
Nassau County District Attorney (Tammy J. Smiley and Kevin C. King of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Erica L. Prager, J.), rendered November 30, 2017. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, defendant's guilty plea is vacated, the accusatory instruments are reinstated, and the matter is remitted to the District Court for all further proceedings.
Defendant was charged in a felony complaint with criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and, in a misdemeanor complaint, with petit larceny (Penal Law § 155.25). Upon the People's request, the court reduced the felony to a misdemeanor, criminal possession of a forged instrument in the third degree (Penal Law § 170.20). Defendant then pleaded guilty to the added charge of disorderly conduct (Penal Law § 240.20 [7]), a violation, in satisfaction of that accusatory instrument as well as the one charging him with petit larceny. The court sentenced him to 15 days' incarceration and the payment of restitution in the amount of $550. On appeal, defendant contends that he did not enter his guilty plea knowingly, voluntarily, and intelligently, since he did not have a full understanding or [*2]appreciation of the guilty plea and its consequences.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013]; see also People v Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception to the preservation requirement has been recognized where the particular circumstances of a case reveal that the defendant had no actual or practical ability to object to an alleged error in the taking of a plea that is clear from the face of the record (see People v Williams, 27 NY3d 212, 219-223 [2016]; Conceicao, 26 NY3d 375; People v Louree, 8 NY3d 541, 546 [2007]). Here, although defendant did not move to withdraw his plea or vacate the judgment of conviction, since he was sentenced in the same proceeding in which he entered his plea of guilty, he "faced a practical inability to move to withdraw [his] plea" (Conceicao, 26 NY3d at 382; see People v Hutchinson, 61 Misc 3d 153[A], 2018 NY Slip Op 51805[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Where a defendant pleads guilty, the record as a whole must affirmatively demonstrate that the defendant knowingly, voluntarily, and intelligently waived his or her constitutional rights under Boykin v Alabama (395 US 238 [1969]) (see People v Pellegrino, 26 NY3d 1063 [2015]; Conceicao, 26 NY3d 375; People v Harris, 61 NY2d 9, 17 [1983]). Here, as the People correctly concede, defendant's conviction must be reversed and his guilty plea vacated. The plea allocution contained no discussion whatsoever of any of the constitutional rights defendant was waiving by pleading guilty, and there is no indication in the record that defendant had spoken with his attorney regarding the consequences of taking the plea before doing so or that otherwise, under the circumstances, defendant understood the rights he was waiving (see Conceicao, 26 NY3d 375; People v Tyrell, 22 NY3d 359 [2013]). Consequently, the record as a whole fails to affirmatively demonstrate that defendant entered his guilty plea knowingly, voluntarily, and intelligently (see Conceicao, 26 NY3d at 383; Harris, 61 NY2d at 19; People v Crawford, 55 Misc 3d 150[A], 2017 NY Slip Op 50731[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]), and, thus, the judgment of conviction must be reversed and the guilty plea vacated. 
Despite defendant's request that, since he has completed his sentence, upon vacating the plea, this court dismiss the accusatory instruments, as a matter of discretion in the interest of justice, under the circumstances of this case, where defendant was initially charged with a felony, which was reduced for the specific purpose of entering into a plea agreement, it cannot be said that, upon the reversal of the judgment of conviction, no penological purpose would be served by remitting the matter for all further proceedings (see e.g. People v Rivera, 55 Misc 3d 141[A], 2017 NY Slip Op 50592[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
We pass on no other issue.
Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated, the accusatory instruments are reinstated, and the matter is remitted to the District Court for all further proceedings.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 21, 2019