The People of the State of New York, Respondent,
against
Marlow Cardenas Alexander, Appellant.




Suffolk County Legal Aid Society (Edward E. Smith of counsel), for appellant.
Suffolk County District Attorney (Michael J. Brennan of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Karen M. Wilutis, J.), rendered August 2, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree, and imposed sentence.




ORDERED that the matter is remitted to the District Court to afford defendant an opportunity to move, within 90 days after the date of this decision and order, to vacate his plea in accordance herewith, and for a report thereafter on any such motion by defendant, and the appeal is held in abeyance pending the receipt of the District Court's report, which shall be filed with all convenient speed.
Defendant pleaded guilty to criminal contempt in the second degree (Penal Law § 215.50 [3]), as charged in the accusatory instrument. On appeal, defendant contends that he did not enter his guilty plea knowingly, voluntarily, and intelligently because the court did not advise him, prior to entering the plea, of its potential deportation consequences.
In People v Peque (22 NY3d 168, 176 [2013]), the Court of Appeals determined, in accordance with the decision of the United States Supreme Court in Padilla v Kentucky (559 US 356 [2010]), "that deportation is a plea consequence of such tremendous importance, grave impact and frequent occurrence that a defendant is entitled to notice that it may ensue from a plea." Thus, "to protect the rights of the large number of noncitizen defendants pleading guilty to felonies in New York, trial courts must now make all defendants aware that, if they are not [*2]United States citizens, their felony guilty pleas may expose them to deportation" (Peque, 22 NY3d at 197). However, in Peque (22 NY3d at 197, n 9), the Court expressly reserved the question as to whether that rule applies to a guilty plea to a misdemeanor, such as the plea involved herein. Assuming, without deciding, that Peque applies to misdemeanors (see e.g. People v Artwell, 64 Misc 3d 65 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Pantino, 55 Misc 3d 138[A], 2017 NY Slip Op 50512[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Gonzalez, 54 Misc 3d 139[A], 2017 NY Slip Op 50152[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Martial, 50 Misc 3d 131[A], 2015 NY Slip Op 51932[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), here, the record does not demonstrate either that the District Court mentioned, or that defendant was otherwise aware of, the possibility of deportation. Since defendant was sentenced in the same proceeding in which he entered his plea of guilty, he had no practical ability to object to the deficiency in the plea allocution (see Peque, 22 NY3d at 182), or to otherwise tell the court, if he chose, that he would not have pleaded guilty if he had known about the possibility of deportation (see People v Mohamed, 171 AD3d 796 [2019]). Consequently, defendant's claim is reviewable, as of right, on this appeal despite the fact that he did not move to withdraw his plea or to vacate the judgment of conviction (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Hutchinson, 61 Misc 3d 153[A], 2018 NY Slip Op 51805[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; see also Mohamed, 171 AD3d at 797; People v Bello, 55 Misc 3d 152[A], 2017 NY Slip Op 50769[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Nonetheless, "the trial court's failure to provide such advice does not entitle . . . defendant to automatic withdrawal or vacatur of the plea" (Peque, 22 NY3d at 176). Rather, a defendant seeking to vacate a plea based on this defect "must establish the existence of a reasonable probability that, had the court warned the defendant of the possibility of deportation, he or she would have rejected the plea and opted to go to trial" (Peque, 22 NY3d at 176). Therefore, in light of the District Court's failure to apprise defendant of the possibility of deportation as a consequence of his plea, and the fact that defendant has not met his burden of establishing on the record before us the existence of a reasonable probability that, had the court properly warned him, he would have rejected the plea and opted to go to trial, we deem it appropriate to hold the appeal in abeyance and to remit the matter to the District Court to afford defendant an opportunity to move to vacate his plea, and for a report by that court thereafter (see Artwell, 64 Misc 3d 65; Gonzalez, 54 Misc 3d 139[A], 2017 NY Slip Op 50152[U]). Any such motion shall be made by defendant within 90 days after the date of this decision and order. Finally, the District Court's report to this court shall state whether defendant moved to vacate his guilty plea, and, if so, make a finding as to whether or not defendant successfully made the necessary showing (see People v Cole, 159 AD3d 829 [2018]).
Accordingly, the matter is remitted to the District Court to afford defendant an opportunity to move, within 90 days after the date of this decision and order, to vacate his plea in accordance herewith, and for a report thereafter on any such motion by defendant, and the appeal is held in abeyance pending the receipt of the District Court's report. The District Court shall file its report with all convenient speed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 21, 2019