People v Cubas-Escoto (2020 NY Slip Op 51423(U))

[*1]

People v Cubas-Escoto (Jose)

2020 NY Slip Op 51423(U) [69 Misc 3d 147(A)]

Decided on November 19, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-1713 N CR

The People of the State of New York,
Respondent, 
against
Jose S. Cubas-Escoto, Appellant. 

Thomas R. Villecco, for appellant.
Nassau County District Attorney (Kevin C. King and Monica M. C. Leiter of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (David W.
McAndrews, J.), rendered October 9, 2018. The judgment convicted defendant, upon his plea of
guilty, of menacing in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, defendant's guilty plea is
vacated, the accusatory instrument is reinstated, and the matter is remitted to the District Court
for all further proceedings.
Defendant was initially charged with menacing in the second degree (Penal Law §
120.14 [1]). It was alleged in the accusatory instrument that defendant threatened to kill his
female coworker while displaying a knife and making a stabbing motion. Following plea
negotiations, defendant pleaded guilty to menacing in the third degree (Penal Law §
120.15), and was immediately sentenced to 40 days' incarceration with a final two-year order of
protection. Defendant has completed his sentence.
On appeal, defendant contends, among other things, that the record fails to affirmatively
demonstrate his understanding, or waiver, of his constitutional rights.
Initially, we note that defendant's claim is reviewable on direct appeal, despite the fact that
he did not preserve it by moving to withdraw his plea pursuant to CPL 220.60 (3), or to vacate
the judgment of conviction pursuant to CPL 440.10, as his plea and sentence took place at the
same proceeding (see People v
Conceicao, 26 NY3d 375, 381-382 [2015]; People v Tyrell, 22 NY3d 359, 364 [2013]; People v Peque, 22 NY3d 168, 182
[2013]; see also NY Const, art VI, § 3 [a]; CPL 470.05 [2]).
"A guilty plea is not invalid solely because the trial court failed to recite a defendant's
constitutional rights under Boykin v Alabama" (People v Pellegrino, 26 NY3d 1063, 1063 [2015]). However, the
record as a whole, must affirmatively demonstrate that defendant knowingly, intelligently and
voluntarily waived those rights (see Conceicao, 26 NY3d at 383). Here, the record is
devoid of any discussion of the pertinent constitutional rights (see Boykin v Alabama,
395 US 238 [1969]). While "a valid waiver could be established where the record shows that the
defendant consulted with his attorney about the constitutional consequences of a guilty plea"
(People v Tyrell, 22 NY3d at 365), here, defense counsel merely stated that she "advised
[defendant] of his options and his rights including the right to go to trial." The record is therefore
ambiguous and provides no affirmative indication that counsel spoke to defendant about the
constitutional consequences of taking the plea before doing so, or that defendant understood the
rights he was waiving (see People v
Constable, 62 Misc 3d 138[A], 2019 NY Slip Op 50047[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019];
People v Crawford, 55 Misc 3d 150[A], 2017 NY Slip Op 50731[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2017]; cf. People v Lopez, 65 Misc 3d 156[A], 2019 NY Slip Op
51960[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). As the People correctly
concede, the judgment of conviction must be reversed because the District Court never
referenced the constitutional trial rights that defendant was forfeiting (see People v
Conceicao, 26 NY3d at 384; People v Tyrell, 22 NY3d at 363-366), and the plea
vacated (see People v Andino, 50
Misc 3d 133[A], 2016 NY Slip Op 50030[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2016]).
Based on the foregoing, we need not reach defendant's alternative contention. We note,
however, that, despite knowing that defendant is not a United States citizen, the District Court
did not advise defendant of the deportation consequences of his guilty plea, nor was defendant
served, in open court, with a Notice of Immigration Consequences form (cf. People v Delorbe, 35 NY3d
112 [2020]).
Finally, despite defendant's request to dismiss the accusatory instrument, under the
circumstances of this case, where defendant was initially charged with menacing his female
co-worker with a knife, which charge was reduced for the specific purpose of entering into a plea
agreement, it cannot be said that, upon the reversal of the judgment of conviction, no penological
purpose would be served by remitting the matter for all further proceedings (see e.g. People v
Famiglietti, 65 Misc 3d 151[A], 2019 NY Slip Op 51876[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2019]; People v
Rivera, 55 Misc 3d 141[A], 2017 NY Slip Op 50592[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2017]).
Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated, the
accusatory instrument is reinstated, and the matter is remitted to the District Court for all further
proceedings.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2020