People v Shaw (2021 NY Slip Op 03703)





People v Shaw


2021 NY Slip Op 03703


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


370 KA 19-02176

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN T. SHAW, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered December 5, 2016. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a], [b]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of his challenge to the severity of his sentence (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe.
Defendant's challenge to the voluntariness of his plea is unpreserved for our review inasmuch as the record does not reflect that he moved to withdraw the plea or to vacate the judgment of conviction (see People v Ware, 115 AD3d 1235, 1235 [4th Dept 2014]; see generally People v Conceicao, 26 NY3d 375, 381 [2015]). We decline defendant's request to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court