People v Benitez (2021 NY Slip Op 51263(U))

[*1]

People v Benitez (Jose)

2021 NY Slip Op 51263(U) [73 Misc 3d 147(A)]

Decided on December 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2020-1020 N CR

The People of the State of New York,
Respondent,
against
Jose Benitez, Appellant. 

Martin Geoffrey Goldberg, for appellant.
Nassau County District Attorney (Tammy J. Smiley and Kevin C. King), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Eileen J.
Goggin, J.), rendered January 16, 2020. The judgment convicted defendant, upon his plea of
guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in simplified traffic informations with, respectively, aggravated
unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511
[1] [a]), operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]),
unlicensed driving (Vehicle and Traffic Law § 509 [1]) and operating or parking a motor
vehicle on a public highway with an expired inspection sticker (Vehicle and Traffic Law §
306). In District Court on January 16, 2020, defendant entered into a plea agreement whereby he
pleaded guilty to aggravated unlicensed operation of a motor vehicle in the third degree and the
other charges were dismissed. Defendant, who agreed to waive his right to appeal, was sentenced
on the same day.
Defendant's appellate contention, that the waiver of appeal was infirm and unenforceable,
and that his plea was unknowing, involuntary or unintelligent, "is preserved for appellate review
because, having pleaded guilty and [been] sentenced in the same proceeding, defendant had 'no
opportunity to withdraw the plea before imposition of the sentence' " (People v Ayala, 55
Misc 3d 150[A], 2017 NY Slip Op 50755[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists
2017], quoting People v Conceicao,
26 NY3d 375, 382 [2015]). Further, the waiver of appeal, even if entirely valid, cannot bar
appellate review of the constitutionality of defendant's plea (see People [*2]v Tyrell, 22 NY3d
359, 364 [2013]; People v
Louree, 8 NY3d 541, 545 [2007]).
Defendant's sole basis for attacking the knowing, voluntary and intelligent nature of his
plea—that the District Court neglected to explain the legal significance of the word
"aggravated" in the title of the offense to which he pleaded guilty, aggravated unlicensed
operation of a motor vehicle in the third degree—is unavailing. Contrary to his
protestations on appeal, we are satisfied that, in admitting his guilt of the charged offense,
defendant, who at the time was informed by the court that he still had "eight open suspensions"
on his driver's license which he was "required to clear up," voluntarily and intelligently admitted
to operating a motor vehicle while knowing that his privilege to drive in the State of New York
was suspended.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2021