People v Cochran (2022 NY Slip Op 50133(U))

[*1]

People v Cochran (Jimmie)

2022 NY Slip Op 50133(U) [74 Misc 3d 130(A)]

Decided on February 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2020-18 N CR

The People of the State of New York,
Respondent,
against
Jimmie L. Cochran, Appellant. 

Thomas R. Villecco, for appellant.
Nassau County District Attorney (Tammy J. Smiley and Autumn S. Hughes of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Maxine
Sonya Broderick, J.), rendered October 8, 2019. The judgment convicted defendant, upon his
plea of guilty, of driving while intoxicated (per se), and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with driving while intoxicated (per se) (Vehicle and Traffic Law
§ 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192
[3]), consumption of alcohol in a motor vehicle (Vehicle and Traffic Law § 1227 [1]),
inoperative front head lamps (Vehicle and Traffic Law § 375 [2] [a] [1]) and inoperative
rear lamps (Vehicle and Traffic Law § 375 [2] [a] [3]). During the plea proceeding, the
court advised defendant that he has a right to a trial but by pleading guilty he would be giving up
rights associated therewith. Defendant waived his right to appeal. Defendant informed the court
that he had discussed the plea with his attorney, he was satisfied with counsel's representation
and he was not forced to plead guilty. Defendant pleaded guilty to the charge of driving while
intoxicated (per se) in satisfaction of the charges and the court imposed sentence. On appeal,
defendant contends that the waiver of the right to appeal was ineffective. He further argues that
his guilty plea was not entered into knowingly, voluntarily, and intelligently because the court did
not advise him that, [*2]by pleading guilty, he would be waiving
the right to have the People prove his guilt beyond a reasonable doubt, the right to confront his
accusers and the privilege against self-incrimination.
Defendant's waiver of his right to appeal was ineffective, as the court never explained to him
what an appeal means, that the waiver of appeal was separate and distinct from the trial rights he
automatically forfeited by pleading guilty, or the consequences of waiving his right to appeal (see People v Bradshaw, 18 NY3d
257, 264 [2011]; People v
Lopez, 6 NY3d 248, 256 [2006]; cf. People v Bryant, 28 NY3d 1094 [2016]). Thus, as the People
concede, defendant's waiver of his right to appeal cannot be considered to have been made
knowingly, intelligently and voluntarily and, consequently, defendant is not precluded from
bringing the instant appeal.
Trial courts have "a vital responsibility" to ensure that a defendant who pleads guilty makes a
knowing, voluntary and intelligent choice among alternative courses of action (People v
Harris, 61 NY2d 9, 19 [1983]). However, they need not engage in any particular litany, as the
Court of Appeals has "repeatedly rejected a formalistic approach to guilty pleas and [has] steered
clear of a uniform mandatory catechism of pleading defendants" (People v Tyrell, 22 NY3d 359, 365
[2013] [internal quotation marks omitted]; People v Nixon, 21 NY2d 338 [1967]). A
guilty plea is not invalid solely because the trial court failed to recite all of a defendant's
constitutional rights under Boykin v Alabama (395 US 238 [1969]; see People v Pellegrino, 26 NY3d
1063 [2015]; People v
Conceicao, 26 NY3d 375, 383 [2015]). Instead, the Court of Appeals has opted for a
flexible rule that considers "all of the relevant circumstances surrounding" a plea (Harris,
61 NY2d at 19; see also Conceicao, 26 NY3d at 382). 
Among other factors, an appellate court must evaluate "[t]he seriousness of the crime, the
competency, experience and actual participation by counsel, the rationality of the plea bargain . . .
the pace of the proceedings in the particular criminal court" and whether the defendant consulted
with his or her attorney about the consequences of the plea (Harris, 61 NY2d at 16
[internal quotation marks omitted]; see also Conceicao, 26 NY3d at 383-384). While the
trial court may discharge this duty by direct inquiry of the defendant to determine whether the
defendant has a full understanding of what the plea connotes and of its consequences, a valid
waiver of a defendant's constitutional rights under Boykin can also be established where
the record shows that the defendant consulted with defense counsel about the constitutional
consequences of a guilty plea (see
People v Sougou, 26 NY3d 1052, 1055 [2015]; Tyrell, 22 NY3d at 365). Thus,
the record as a whole must affirmatively demonstrate that defendant knowingly, intelligently and
voluntarily relinquished his constitutional rights (see Pellegrino, 26 NY3d at 1063;
Conceicao, 26 NY3d at 379, 383; Harris, 61 NY2d at 17). 
Here, defendant's claim is reviewable on direct appeal, as he faced a practical inability to
move to withdraw the plea because he was sentenced on the same date as the plea proceeding
(see Sougou, 26 NY3d at 1054; Conceicao, 26 NY3d at 382; People v Reinhardt, 58 Misc 3d
151[A], 2018 NY Slip Op 50111[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
The record demonstrates that defendant confirmed that no one had forced him or made promises
to make him take the plea, that he had the benefit of his counsel's efforts and guidance, spoke
with counsel, and chose to forgo his trial rights in favor of entering a guilty plea. Furthermore,
nothing that defendant said or failed to say in his allocution negated any element of the offense to
which he pleaded guilty or otherwise called into question his admitted guilt or the voluntariness
of his plea. Under the circumstances, we find no basis to vacate the plea (see People v
Winbush, [*3]199 AD2d 447 [1993]; People v Lowe,
149 AD2d 939 [1989]; People v Richardson, 114 AD2d 980 [1985]; People v
Nance, 110 AD2d 857 [1985]).
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 3, 2022