People v Salgado (2024 NY Slip Op 05067)

People v Salgado

2024 NY Slip Op 05067

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Ind. No. 2564/19 Appeal No. 2807 Case No. 2019-05289 

[*1]The People of the State of New York, Respondent,
v
Anthony Salgado, Defendant-Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Rebecca Besdin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Covais of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered October 28, 2019, as amended January 6, 2023, convicting defendant, upon his plea of guilty, of bail jumping in the second degree, and sentencing him, as a second felony offender, to a prison term of two to four years, unanimously affirmed.
Defendant's unpreserved challenge to the voluntariness of his plea does not fall within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 381-382 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that, notwithstanding the court's purported failure to expressly confirm with defendant that he had not been forced to plead guilty, "the record as a whole, including defendant's acknowledged consultations with counsel" (People v Cepeda, 195 AD3d 477, 477 [1st Dept 2021], lv denied 37 NY3d 991 [2021]), establishes that he made "a knowing and intelligent choice among alternative courses of action" (Conceicao, 26 NY3d at 384).
Defendant's claim that his plea was coerced by the court is also unpreserved for our review (see People v Diggs, 224 AD2d 311, 311 [1st Dept 1996], lv denied 88 NY2d 846 [1996]). Were we to review it, we would find that this claim is belied by the record. The court's participation in the plea-bargaining process was not improper (People v Velez, 124 AD3d 468, 469 [1st Dept 2015]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024