People v Davis (2024 NY Slip Op 06545)

People v Davis

2024 NY Slip Op 06545

Decided on December 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 24, 2024

Before: Kern, J.P., Singh, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 3413/16 Appeal No. 3309 Case No. 2018-4473 

[*1]The People of the State of New York, Respondent,
v
Celeste Davis, Appellant.

Twyla Carter, The Legal Aid Society, New York (Naila S. Siddiqui of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Addison Eisley of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen Biben, J. at plea; Ann E. Scherzer, J. at sentencing), rendered May 2, 2018, convicting defendant of assault in the second degree, and sentencing her to concurrent terms of 30 days in jail and five years of probation, unanimously affirmed.
Defendant's challenge to her plea is unpreserved (see People v Conceicao, 26 NY3d 375, 381 [2015]), and we decline to review it in the interest of justice. Defendant had a practical ability to raise her claim by moving to withdraw the plea before sentencing, but she did not, and thus the narrow exception to the preservation requirement does not apply (see id. at 381-382).
As an alternative holding, we find that the plea was voluntary (see People v Dor, 160 AD3d 547, 547 [1st Dept 2018], lv denied 32 NY3d 936 [2018]). The court did not coerce defendant into pleading guilty by advising her that the plea offer would not remain available if she proceeded to hearing or trial. The court also did not threaten defendant with the maximum sentence. The court merely explained the sentencing exposure, which also included an accurate discussion of the discretionary minimum sentence. The bargain was favorable in light of the sufficient evidence of physical injury to the victim. Furthermore, at sentencing, defendant reiterated that she was giving up her right to any justification defense at sentencing, which was likely not viable, and that she had an opportunity to discuss her plea with defense counsel. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 24, 2024