People v Lijin (2019 NY Slip Op 02960)





People v Lijin


2019 NY Slip Op 02960


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9026 792/13

[*1]The People of the State of New York, Respondent,
v
Roland Lijin, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered December 21, 2015, convicting defendant, upon his guilty plea, of grand larceny in the third degree and unlawful possession of personal identification information in the third degree, and sentencing him to an aggregate term of five years' probation, unanimously affirmed.
Defendant's challenges to his plea allocution are unpreserved, and they do not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 382 [2015]). We decline to review these claims in the interest of justice. As an alternative holding, we find that the plea was entered into knowingly, intelligently and voluntarily (see Boykin v Alabama, 395 US 238 [1969]; People v Tyrell, 22 NY3d 359, 365 [2013]). The court had no duty to warn defendant of the potential future collateral consequences of his plea. "[T]his Court has repeatedly rejected the argument that a defendant who pleads guilty is entitled to be advised of the effect of the plea on sentences he or she might receive for future crimes" (People v Parker, 309 AD2d 508, 508 [1st Dept 2003], lv denied 1 NY3d 577 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK