People v King (2019 NY Slip Op 04048)





People v King


2019 NY Slip Op 04048


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

108566

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CLARANCE KING, Appellant.

Calendar Date: April 30, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered March 25, 2016, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
Defendant pleaded guilty to grand larceny in the fourth degree and waived his right to appeal. County Court sentenced defendant, a second felony offender, in accord with the terms of the plea agreement to 1½ to 3 years in prison to run concurrently with a sentence recently imposed on another conviction, but consecutively to the remainder of a 2010 sentence that he was currently serving. Defendant appeals.
Initially, we find unavailing defendant's contention that the appeal waiver was invalid. The record reflects that County Court explained the right to appeal and distinguished the waiver of the right to appeal from the rights automatically forfeited by the guilty plea, which defendant acknowledged he understood. In addition, defendant conferred with counsel before executing a written appeal waiver in open court, again assuring the court of his understanding thereof. Accordingly, defendant's waiver of the right to appeal was knowing, voluntary and intelligent (see People v Muller, 166 AD3d 1240, 1241 [2018]; People v Brown, 163 AD3d 1269, 1270 [2018]). Defendant's challenge to the severity of the sentence imposed is thus precluded by the valid appeal waiver (see People v Chapman, 168 AD3d 1315, 1316 [2019]; People v Muller, 166 AD3d at 1241).
Defendant's challenge to the voluntariness of the plea, which survives his waiver of the right to appeal, is not preserved for our review by an appropriate postallocution motion (see People v Conceicao, 26 NY3d 375, 381 [2015]; People v Norton, 164 AD3d 1502, 1503 [2018], lv denied 32 NY3d 1114 [2018]). Further, the narrow exception to the preservation requirement was not triggered as defendant made no statements that were inconsistent with his guilt or cast [*2]doubt on the voluntariness of his plea so as to warrant further inquiry by County Court (see People v Lopez, 71 NY2d 662, 666 [1988]; People v White, 164 AD3d 959, 959 [2018]).
Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.