People v Alexander (2019 NY Slip Op 05595)





People v Alexander


2019 NY Slip Op 05595


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

109575

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SHANNON ALEXANDER, Appellant.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Kathy Manley, Selkirk, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered April 28, 2017, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
In satisfaction of a 10-count indictment charging him with various sex-related offenses, defendant pleaded guilty to rape in the second degree and waived his right to appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 3½ years to be followed by 15 years of postrelease supervision. Defendant appeals.
We affirm. Initially, we find defendant's waiver of the right to appeal to be invalid. In addition to failing to inform defendant that the right to appeal was separate and distinct from the other rights that he was forfeiting by pleading guilty,[FN1] the record reflects that County Court did not adequately explain the nature of the waiver or ascertain that defendant understood its many ramifications (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Latifi, 171 AD3d 1351, 1351 [2019]). "Additionally, although defendant signed a written waiver of appeal, County Court did not verify that defendant had read and understood the written appeal waiver or discussed it with counsel" (People v Cook, 171 AD3d 1361, 1361 [2019] [internal quotation marks and citations omitted]; see People v Miller, 166 AD3d 1385, 1386 [2018], lv denied 32 NY3d 1207 [2019]).
As to defendant's claim that his plea was involuntary, such contention is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Lamb, 162 AD3d 1395, 1396 [2019], lv denied 32 NY3d 1112 [2018]), and the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt, negated an element of the crime or called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Mais, 168 AD3d 1142, 1143 [2019]). To the extent that defendant's claim that he was denied the effective assistance of counsel impacts the voluntariness of his plea, it is similarly unpreserved due to the lack of a postallocution motion (see People v Allevato, 170 AD3d 1264, 1265 [2019]). Inasmuch as defendant contends that counsel failed to investigate the case against him and that an alleged inconsistent statement was included in discovery material, such claims are premised upon matters that are outside of the record on appeal and, as such, are more appropriately considered in a motion pursuant to CPL article 440 (see People v Miller, 166 AD3d 812, 813 [2018], lv denied 33 NY3d 951 [2019]; People v Torres, 165 AD3d 1325, 1326 [2018], lv denied 32 NY3d 1210 [2019]).
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: During the plea colloquy, County Court only questioned defendant whether "separate and apart [he] and [his counsel] ha[d] discussed [his] right to appeal" and failed to explain to defendant that the right to appeal — and not his conversation with counsel about that right — was separate and distinct from the other trial-related rights that he was forfeiting by pleading guilty.