People v Porto (2020 NY Slip Op 51091(U))

[*1]

People v Porto (Miguel)

2020 NY Slip Op 51091(U) [68 Misc 3d 135(A)]

Decided on September 25, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 25, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570175/19

The People of the State of New York,
Respondent,
against
Miguel Porto, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Suzanne J. Adams, J.), rendered March 2, 2019, convicting him, upon his plea of
guilty, of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Suzanne J. Adams, J.), rendered March 2, 2019, affirmed.
Our review of the record indicates that defendant's guilty plea was entered knowingly,
voluntarily and intelligently (see People v Conceicao, 26 NY3d 375 [2015]). At the plea
proceeding, defendant agreed to plead guilty to the charged offense of criminal possession of a
controlled substance in the seventh degree (see Penal Law § 220.03) in exchange for
a conditional discharge, the condition being that he attend one session with the CASES New
Start program, with a jail alternative if he failed to comply. In response to the court's questioning,
defendant admitted his guilt to the underlying crime, stated that he had an opportunity to discuss
his case with counsel, and waived specific constitutional rights, including the right to a trial by
jury, the right to question the People's witnesses and the right to remain silent. Defendant also
executed a form acknowledging receipt of a written copy of the terms of the conditional
discharge and its expiration date (see CPL 410.10[1]). There was nothing in the record to
suggest that defendant's ability to make a knowing, intelligent and voluntary decision to plead
guilty was impaired in any way by his use of alcohol or drugs (see People v Rodriguez, 83 AD3d
449 [2011], lv denied 17 NY3d 800 [2011]; People v Royster, 40 AD3d 885 [2007], lv denied 9 NY3d
881 [2007]). In any event, the only relief defendant requests is dismissal of the accusatory
instrument, and he expressly requests that this Court affirm his conviction if it does not grant
dismissal. Since dismissal is not warranted, we affirm on this basis as well (see People v
[*2]Conceicao, 26 NY3d at 385 n; People v Teron, 139 AD3d 450
[2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: September 25, 2020