People v Dixon (2020 NY Slip Op 51516(U))

[*1]

People v Dixon (Eugene)

2020 NY Slip Op 51516(U) [70 Misc 3d 129(A)]

Decided on December 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2017-2181 K CR

The People of the State of New York,
Respondent,
against
Eugene Dixon, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Diane Eisner and Andrew S. Ayala of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Carolyn Walker-Diallo, J.), rendered October 11, 2017. The judgment convicted defendant,
upon his plea of guilty, of menacing in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to menacing in the second degree (Penal Law § 120.14 [1]) in
satisfaction of an accusatory instrument that also charged him with criminal possession of a
weapon in the fourth degree (Penal Law § 265.01 [2]), harassment in the second degree
(Penal Law § 240.26 [1]), and unlawful sale of a toy or imitation pistol or revolver
(Administrative Code of City of NY § 10-131 [g]), and was sentenced to a conditional
discharge. On appeal, defendant contends that his guilty plea was invalid because the court failed
to properly factually allocute him on the crime to which he pleaded guilty. Additionally, citing to
People v Jones (26 NY3d 730
[2016]), defendant contends that the Criminal Court erred in directing payment of the mandatory
surcharge by civil judgment without placing its reasons on the record or issuing a written order
therefor.
We find that defendant's claim regarding his plea is without merit. An allocution based on a
negotiated plea need not elicit from a defendant specific admissions as to each element of the
charged offense (see People v
Goldstein, 12 NY3d 295, 301 [2009]; People v Ali, 66 Misc 3d [*2]139[A], 2020 NY Slip Op 50095[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]; People v
Robinson, 57 Misc 3d 138[A], 2017 NY Slip Op 51309[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2017]). Nor is "[t]he court's duty to inquire further . . . triggered
merely by the failure of a pleading defendant, whether or not represented by counsel, to recite
every element of the crime pleaded to" (People v Lopez, 71 NY2d 662, 666 n 2 [1988];
see also Goldstein, 12 NY3d at 301). Indeed, no catechism is required in connection with
the acceptance of a plea (see People v Nixon, 21 NY2d 338, 350 [1967]), and the Court
of Appeals has refused to disturb pleas even when there has been absolutely no elicitation of the
underlying facts of the crime (see id.; see also Goldstein, 12 NY3d at 301). It is
enough that the allocution shows that the defendant understood the charges and made an
intelligent decision to enter a plea (see Goldstein, 12 NY3d at 301; People v Bosticco, 52 Misc 3d
140[A], 2016 NY Slip Op 51169[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]). Here, the allocution was adequate to meet these purposes. Defendant, represented by
counsel, clearly understood the nature of the charge to which he was pleading and willingly
entered his plea to obtain the benefit of the bargain he had struck. Consequently, the record as a
whole affirmatively discloses that defendant entered his plea knowingly, voluntarily and
intelligently, and, therefore, the plea was valid (see People v Conceicao, 26 NY3d 375, 382 [2015]).
By expressly asking the Criminal Court to convert the mandatory surcharge into a civil
judgment, defendant waived the claim he now raises on appeal pertaining to the mandatory
surcharge (see People v Tietje, 171
AD3d 1221 [2019]; People v Rodriquez, 162 AD3d 513 [2018]; People v Sadiku, 63 Misc 3d
162[A], 2019 NY Slip Op 50917[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]). Moreover, any error was in defendant's favor, and, thus, does not entitle him to the relief
he seeks (see People v Himonitis,
174 AD3d 738 [2019]; Tietje, 171 AD3d 1221; Rodriguez, 162 AD3d 513;
People v Fisher, 66 Misc 3d
140[A], 2020 NY Slip Op 50142[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 18, 2020