The People of the State of New York, Respondent,
against
Larry Guyette, Appellant.




Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff), for respondent.

Appeal from five judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Martin J. Kerins, J.H.O.), rendered November 13, 2015. The judgments convicted defendant, upon his pleas of guilty, of operating a motor vehicle without an inspection certificate, operating an uninsured motor vehicle, operating an unregistered motor vehicle, operating a motor vehicle without distinctive number license plates, and operating a motor vehicle with improper license plates, respectively.




ORDERED that the judgments of conviction are reversed, on the law, and the matters are remitted to the District Court, Suffolk County Traffic and Parking Violations Agency, for all further proceedings.
On March 13, 2015, a Suffolk County police officer stopped defendant's 2003 Chevrolet on Route 112 in Medford, Town of Brookhaven, Suffolk County. As a result, five simplified traffic informations were filed, charging defendant with operating a motor vehicle without an inspection certificate (Vehicle and Traffic Law § 306 [b]), operating an uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]), operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), operating a motor vehicle without distinctive number license plates (Vehicle and Traffic Law § 402 [1] [a]), and operating a motor vehicle with improper license plates (Vehicle and Traffic Law § 402 [4]), respectively. Defendant was directed to appear before the Suffolk County Traffic and Parking Violations Agency (SCTPVA).
On November 13, 2015, defendant appeared pro se at the SCTPVA before Judicial Hearing Officer Martin J. Kerins. The prosecutor stated that "[t]his matter was on for trial today and after conferencing with the People, People are willing to dispose of this matter." The prosecutor discussed the proposed fines, surcharges and fees. The following colloquy subsequently occurred:
"THE COURT: Alright, Mr. Guyette, you heard what the county prosecutor just put on [*2]the record. I must inform you that a conviction for driving without insurance will result in not only the fine today, but your license and/or privilege to drive will be suspended, revoked for at least a year and when you try to get it back, they're going to hit you with another civil penalty of $750.00; are you aware of all that?
MR. GUYETTE: Yes, I am, your Honor.
THE COURT: Okay, do you need a lawyer?
MR. GUYETTE: I spoke to Scott Lockwood, he couldn't be here today.
* * *
THE COURT: I'm asking you if you want a lawyer to go to trial?
MR. GUYETTE: Yes, your Honor, yes.
THE COURT: To go to trial?
MR. GUYETTE: No.
THE COURT: No, okay.
MR. GUYETTE: I just want to end this now.
THE COURT: Okay.
MR. GUYETTE: I don't even want —
THE COURT: Okay, fair enough. Okay, accordingly, the Court will accept all charges as they were put on the record including the guilty plea to the no insurance, sentence the defendant to pay all the recommended fines, fees and surcharges, they total $1,190.00."
On appeal, defendant contends, among other things, that his guilty pleas to the five charges were not made knowingly or voluntarily. This claim does not require preservation, because defendant pleaded guilty and was sentenced at the same proceeding. Thus, he had no opportunity to raise this issue in the court below by moving to withdraw his plea (see People v Conceicao, 26 NY3d 375, 381-382 [2015]).
While defendant was informed of the offenses to which he would be pleading guilty, and what the fines and surcharges would be, he never admitted his guilt to the charges. The court did not ask him questions, such as whether he had been driving an uninsured vehicle or an unregistered vehicle. While no catechism is required in connection with the acceptance of a guilty plea, and a plea allocution based on a negotiated plea does not require that a defendant make a specific admission as to each element of the charged offenses (see People v Goldstein, 12 NY3d 295, 301 [2009]), here, there was virtually no allocution of the unrepresented, inexperienced defendant. Furthermore, there was no affirmative showing on the record that defendant waived any of his constitutional rights. Thus, it was not established that his plea was entered into voluntarily, knowingly and intelligently (see People v Conceicao, 26 NY3d at 382-383; People v Tyrell, 22 NY3d 359, 365 [2013]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Burca, 58 Misc 3d 147[A], 2018 NY Slip Op 50040[U], *2-3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Jonas, 42 Misc 3d 135[A], 2014 NY Slip Op 50090[U] [App Term, 1st Dept 2014]).
In view of the foregoing, we need not reach defendant's remaining contentions.
Accordingly, the judgments of conviction are reversed and the matters are remitted to the District Court, Suffolk County Traffic and Parking Violations Agency, for all further proceedings.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2018