People v Akino (2020 NY Slip Op 06063)





People v Akino


2020 NY Slip Op 06063


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Ind No. 3043/06 Appeal No. 12209 Case No. 2008-2322 

[*1]The People of the State of New York, Respondent,
v
George Akino, Defendant-Appellant.


Feldman & Feldman, Manhasset (Steven A. Feldman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered April 6, 2007, convicting defendant, upon his plea of guilty, of gang assault in the first degree, and sentencing him to a term of eight years, unanimously affirmed.
Defendant did not preserve his challenge to the plea colloquy, and it does not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 382 [2015]). We decline to review defendant's claim in the interest of justice. As an alternative holding, we find that the record as a whole demonstrates that the plea was knowing, intelligent and voluntary (see People v Goldstein, 12 NY3d 295, 301 [2009]). Although defendant initially gave a negative answer to the court's question about his guilt of the charged crime, he immediately changed it to an affirmative answer. The court's additional questions further confirmed that defendant understood the charge and was admitting his guilt.
The court was not required to engage in any further inquiry in response to defendant's equivocal and generalized expressions of dissatisfaction with his lawyer, which did not constitute an implied request for substitution of counsel, and in any event was not a "seemingly serious request," requiring a "minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010]). The court's appropriate clarifying question elicited defendant's statement that he was satisfied with counsel.
Defendant's claim that his sentence must be vacated because he was sentenced based on a presentence report that erroneously indicated that the offense involved a robbery is unpreserved (see People v Yates, 160 AD3d 418 [1st Dept 2018], lv denied 31 NY3d 1154 [2018]) , and we decline to review it in the interest of justice. As an alternative holding, we find that, notwithstanding its inaccurate references to a robbery, which the court explicitly struck, the report was not, as defendant argues, the equivalent of no report at all. The balance of the report was accurate, it comported with the requirements of CPL 390.30, and defendant received the same sentence he was promised at the plea proceeding. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020