People v Caridad (2021 NY Slip Op 03560)





People v Caridad


2021 NY Slip Op 03560


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Kapnick, J.P., Singh, Moulton, González, JJ. 


Ind No. 3765/98 3765/98 Appeal No. 14032 Case No. 2018-4667 

[*1]The People of the State of New York, Respondent,
v
Ramon Caridad, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.



Judgment, Supreme Court, New York County (Edwin Torres, J. at plea; Juan M. Merchan, J., at sentencing), rendered June 1, 2018, convicting defendant of kidnapping in the second degree and attempted rape in the first degree, and sentencing him to an aggregate term of 12½ to 25 years, unanimously affirmed.
The sentencing court providently exercised its discretion in denying defendant's motion to withdraw his plea, without granting a hearing. "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]). Defendant claimed that in 1998 the plea court coerced the plea by engaging him in an off-the-record conversation in which the court made threatening remarks. The sentencing court found this statement to be unsubstantiated and incredible. There is nothing in the plea record to suggest any coercive circumstances. Furthermore, by making this claim for the first time after being a fugitive outside the United States for almost 20 years, defendant has rendered a meaningful evidentiary hearing highly impracticable.
Defendant's remaining arguments were not made in his plea withdrawal motion, and they do not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 381-382 [2015]). We reject defendant's claim that he had no opportunity to raise these issues before the sentencing court, and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find, based on the totality of the record, that when defendant pleaded guilty, he was sufficiently made aware of his potential sentencing exposure in the event he absconded, and that his plea would stand (see e.g. People v Alison, 243 AD2d 360 [1st Dept 1997], lv denied 91 NY2d 888 [1998]; People v Colon, 200 AD2d 492 [1st Dept 1994]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021