People v Lanzot (2022 NY Slip Op 01973)





People v Lanzot


2022 NY Slip Op 01973


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Ind. No. 2084/12 Appeal No. 15548 Case No. 2019-3216 

[*1]The People of the State of New York, Respondent,
v
Benjamin Lanzot, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J. at plea; James M. Burke, J. at sentencing), rendered May 2, 2017, convicting defendant of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.
Defendant's challenges to his plea are unpreserved, and we decline to review them in the interest of justice. Defendant had a practical ability to raise these claims by moving to withdraw the plea, but he did not do so, and the narrow exception to the preservation requirement does not apply (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Peque, 22 NY3d 168, 182-183 [2013]; People v Rodriguez, 262 AD2d 242 [1st Dept 1999], lv denied 93 NY2d 1045 [1999]).
As an alternative holding, we find that the totality of circumstances establish that the plea was voluntary (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]). Under defendant's carefully negotiated plea, he was released pending sentence so he could enter a nursing home (which he ultimately left without permission). There is no evidence that he had been deprived of suitable medical care while incarcerated or that he was coerced into pleading guilty in order to obtain such care. Defendant also asserts that there was an understanding that he was terminally ill and would not survive long enough to be sentenced to prison. However, there was no promise that defendant would avoid prison even if his health improved, and at the time of the plea there was already medical evidence that he was not terminally ill. Accordingly, this was not a case where changed circumstances would have warranted withdrawal of the plea had defendant so requested. Finally, when the court imposed the sentence that had been promised (which was the minimum permitted by law), it did not impose an "enhanced" sentence, because defendant was never promised that if he met the conditions of the plea he would receive no sentence at all, and the court was under no obligation to conduct an inquiry into whether defendant violated the plea agreement (see generally People v Fiammegta, 14 NY3d 90 [2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022