People v Moreira (2022 NY Slip Op 50492(U))

[*1]

People v Moreira (Nelson)

2022 NY Slip Op 50492(U) [75 Misc 3d 133(A)]

Decided on June 15, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 15, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570463/19

The People of the State of New York,
Respondent, 
against
Nelson Moreira, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Jonathan Svetkey, J.), rendered June 11, 2019, convicting him, upon his plea of
guilty, of driving while impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Jonathan Svetkey, J.), rendered June 11, 2019, affirmed.
Our review of the record indicates that defendant's guilty plea was entered knowingly,
voluntarily, and intelligently (see People v Conceicao, 26 NY3d 375 [2015]). In
satisfaction of an accusatory instrument charging two counts of driving while intoxicated
(see Vehicle and Traffic Law § 1192 [2], [3]) and one count of driving while
impaired by alcohol (see Vehicle and Traffic Law § 1192[1]), defendant agreed to
plead guilty to driving while impaired in exchange for a sentence of a conditional discharge,
which required him to pay a $350 fine, complete an Impaired Drivers Program, and suspended
his license for 90 days. In response to the court's questioning, defendant stated that he was
pleading guilty freely and voluntarily, that he had an opportunity to discuss his case with counsel,
and acknowledged the constitutional rights he was waiving, including the right to trial, the right
to remain silent and to question the People's witnesses. Defendant also executed a form
acknowledging that he was being sentenced to a "one year conditional discharge" and had
received a written copy of the terms of the conditional discharge and its expiration date
(see CPL 410.10[1]; see also People v Bush, — NY3d —, 2022 NY
Slip Op 01956 [2022]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument,
rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it
does not grant dismissal. Since it cannot be said that no penological purpose would be served by
reinstating the charges (see People v Conceicao, 26 NY3d at 385 n), dismissal is not
warranted and we therefore affirm.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 15, 2022