People v Meliani (2022 NY Slip Op 50510(U))

[*1]

People v Meliani (Abdelhafid)

2022 NY Slip Op 50510(U) [75 Misc 3d 134(A)]

Decided on June 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570112/20

The People of the State of New York,
Respondent, 
against
Abdelhafid Meliani,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Jonathan Svetkey, J.), rendered December 19, 2019, convicting him, upon his plea
of guilty, of criminal trespass in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Jonathan Svetkey, J.), rendered December 19, 2019, affirmed.
Defendant was charged in an accusatory instrument with criminal trespass in the third degree
(see Penal Law § 140.10[a]), trespass (see Penal Law § 140.05), and
disorderly conduct (see Penal Law § 240.20[1]). Pursuant to a plea agreement,
defendant pleaded guilty to third-degree criminal trespass (see Penal Law §
140.10[a]) in exchange for a sentence of time served. On appeal, defendant challenges the facial
sufficiency of the trespass charge to which he pleaded guilty. However, the only relief defendant
requests is dismissal of the entire accusatory instrument rather than vacatur of the plea, and he
expressly requests that this Court affirm the conviction if it does not grant a dismissal.
Even were we to accept defendant's contention that the third-degree trespass charge to which
he pleaded guilty was jurisdictionally defective, we find that his specific request for dismissal of
the remaining charges would not be an appropriate remedy. In view of the facts underlying the
charges and defendant's criminal history, a penological purpose would be served by remanding
the matter for further proceedings (see People v Conceicao, 26 NY3d 375, 385 n [2015]).
We therefore affirm (see People v Thiam, 34 NY3d 1040, 1050 [2019, DiFiore, Ch. J.,
concurring] ["There is a legitimate concern that defendants charged in multi-count local court
accusatory instruments should not be able to thwart the system by obtaining a swift and favorable
plea agreement, only to belatedly raise a 'jurisdictional' challenge on direct appeal to the
sufficiency of the factual allegations of one count in the instrument in order to seek a dismissal
by the intermediate appellate court of the whole instrument in the interest of justice .... To avoid
such gamesmanship, the proper corrective remedy, plainly afforded by CPL 470.55, is a remittal
to the trial court for further proceedings on the accusatory instrument"]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 22, 2022