People v Yorke (2022 NY Slip Op 50891(U))

[*1]

People v Yorke (Bernard)

2022 NY Slip Op 50891(U) [76 Misc 3d 130(A)]

Decided on September 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570114/20

The People of the State of New York,
Respondent,
against
Bernard Yorke, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (James G. Clynes, J.), rendered January 27, 2020, convicting him, upon his plea of
guilty, of identity theft in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (James G. Clynes, J.), rendered January 27, 2020, affirmed.
Our review of the record indicates that defendant's guilty plea was entered knowingly,
voluntarily and intelligently (see People v Conceicao, 26 NY3d 375, 383 [2015]). In
satisfaction of an accusatory instrument charging identity theft in the third degree (see
Penal Law § 190.78) and criminal possession of stolen property in the fifth degree
(see Penal Law § 165.40), defendant agreed to plead guilty to third degree identity
theft, in exchange for a conditional discharge that required him to pay restitution in the amount of
$88.22. In response to the court's questioning, defendant stated that he was pleading guilty freely
and voluntarily, that he had an opportunity to discuss his guilty plea with counsel, and
acknowledged the constitutional rights he was waiving including the right to trial, to remain
silent and to call and question witnesses. Defendant also executed a form acknowledging that he
was being sentenced to a "one year conditional discharge" and had received a written copy of the
terms of the conditional discharge and its expiration date (see CPL 410.10[1]; see also
People v Bush, 38 NY3d66 [2022]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it
does not grant dismissal. Since it cannot be said that no penological purpose would be served by
reinstating the charges (see People v Conceicao, 26 NY3d at 385 n), dismissal is not
warranted and we therefore affirm.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: September 22, 2022