People v Pereira (2022 NY Slip Op 50888(U))

[*1]

People v Pereira (Eduardo)

2022 NY Slip Op 50888(U) [76 Misc 3d 130(A)]

Decided on September 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570670/15

The People of the State of New York,
Respondent,
against
Eduardo Pereira, Defendant-Appellant.

In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the
City of New York, New York County (Felicia A. Mennin, J., at plea; Lisa A. Sokoloff, J., at
sentencing), rendered November 24, 2015, convicting him, upon his plea of guilty, of petit
larceny and imposing sentence and (2) a judgment (same court, Lisa A. Sokoloff, J.), rendered
November 24, 2015, convicting him, upon his plea of guilty, of petit larceny, and imposing
sentence.

Per Curiam.
Judgment of conviction (Felicia A. Mennin, J., at plea; Lisa A. Sokoloff, J., at sentencing),
rendered November 24, 2015, on docket number 2015NY074218, affirmed. Judgment of
conviction (Lisa A. Sokoloff, J.), rendered November 24, 2015 on docket number
2015NY075102 modified, as a matter of discretion in the interest of justice, to the extent of
vacating the petit larceny conviction and substituting a conviction of criminal trespass in the
second degree.
Even assuming that the sentencing court erred when it purportedly found that defendant
violated the terms of a conditional discharge and/or imposed an enhanced sentence under docket
number 2015NY074218, the remedy here would be to modify to the extent of vacating the
sentence and remanding for resentencing. However, the only relief defendant seeks is dismissal
of the accusatory instrument rather than remand for sentencing, and he expressly requests that we
affirm his conviction if we do not grant a dismissal. Since it cannot be said that no penological
purpose would be served by a remand, dismissal is not warranted and therefore we affirm on this
basis (see People v Conceicao, 26
NY3d 375, 385 n [2015]; People v
Cosme, 66 Misc 3d 152[A], 2020 NY Slip Op 50338[U] [App Term, 1st Dept
2020]).
As the People concede, defendant's conviction of petit larceny under docket number
2015NY075102 should be modified as indicated for the purpose of effectuating the plea bargain
agreed upon by the parties and the court (see e.g. People v Smith, 109 AD3d 752 [2013], lv [*2]denied 22 NY3d 1159 [2014]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: September 22, 2022