People v Gnoka (2022 NY Slip Op 50887(U))

[*1]

People v Gnoka (Degui)

2022 NY Slip Op 50887(U) [76 Misc 3d 130(A)]

Decided on September 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570380/15

The People of the State of New York,
Respondent,
against
Degui Gnoka, Defendant-Appellant.

In consolidated appeals, defendant appeals from two judgments of the Criminal Court of the
City of New York, New York County (Ann E. Scherzer, J.), entered July 31, 2014, convicting
him, upon his pleas of guilty, of two counts of petit larceny, and imposing sentence.

Per Curiam.
Judgments of conviction (Ann E. Scherzer, J.), entered July 31, 2014, affirmed.
Defendant's ineffective assistance of counsel claim is not reviewable on direct appeal.
Defendant contends that he was deprived of effective assistance because his attorney misadvised
him of the immigration consequences of his pleas by stating that "there are possible negative
immigration consequences" (see Padilla v Kentucky, 559 US 356, 369 [2010]). The
record is insufficient to permit adequate review of defendant's claim. Accordingly, since
defendant has not made a CPL 440.10 motion, the merits of the ineffective assistance claim may
not be addressed on appeal (see People v
Gomez, 186 AD3d 422, 423 [2020]; see also People v Lafontant, 189 AD3d 461 [2020], lv denied
36 NY3d 1057 [2021]; People v
Ramos, 169 AD3d 425 [2019]).
In any event, even assuming that counsel misadvised defendant of the immigration
consequences of his guilty pleas, the proper remedy is to hold the appeal in abeyance to afford
defendant the opportunity to move to vacate his pleas upon a showing that there is a reasonable
probability that he would not have pleaded guilty had he been made aware of the deportation
consequences of his pleas (see e.g.
People v Acosta, 202 AD3d 447 [2022]; People v Johnson, 165 AD3d 556 [2018]). However, the only relief
defendant requests is dismissal of the accusatory instruments rather than vacatur of the pleas, and
he expressly requests that this Court affirm the conviction if it does not grant a dismissal. Since it
cannot be said that no penological purpose would be served by remanding these matters to
Criminal Court, dismissal is not warranted and we affirm on this basis as well (see People v Conceicao, 26 NY3d
375, 385 n [2015]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: September 22, 2022