People v Concepcion (2022 NY Slip Op 06180)

People v Concepcion

2022 NY Slip Op 06180

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Ind No. 1295/15 Appeal No. 16585 Case No. 2016-1218 2015-02922 

[*1]The People of the State of New York, Respondent,
v
Yelinton Concepcion, Defendant-Appellant. 

Justine M. Luongo, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered October 27, 2015, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree, and sentencing him to a term of two years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant did not preserve his claim that the voluntariness of his guilty plea was impaired by misinformation about the permissible sentencing range (see People v Conceicao, 26 NY3d 375 [2015]; People v Powell, 159 AD3d 421, 421 [1st Dept 2018], lv denied 31 NY3d 1016 [2018]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court accurately described the applicable range of state prison sentences during the plea allocution. Defendant's claim of being "misinformed . . . is unsupported by the record, which indicates that the court had no intention of imposing anything but a prison sentence, and that any mention of defendant receiving the 'minimum' sentence referred only to the minimum available prison sentence" (id. at 421-422). Furthermore, any deficiency in the court's explanation of defendant's sentencing exposure could not have affected his decision to plead guilty.
Based on our own interest of justice powers and the People's consent, we vacate the surcharge and fees imposed at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022