People v Rosario (2024 NY Slip Op 50576(U))

[*1]

People v Rosario (Ramelissa)

2024 NY Slip Op 50576(U)

Decided on May 16, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570547/19

The People of the State of New York, Respondent,
against
Ramelissa Rosario, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Barbara F. Newman, J.H.O.), rendered May 15, 2019, convicting her, upon her plea of guilty, of unlicensed driving, and imposing sentence.

Per Curiam.
Judgment of conviction (Barbara F. Newman, J.H.O.), rendered May 15, 2019, affirmed.
Our review of the record indicates that defendant's guilty plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375, 382 [2015]). In satisfaction of an accusatory instrument whose top count was aggravated unlicensed operation of a motor vehicle in the second degree, an unclassified misdemeanor, defendant pleaded guilty to unlicensed driving, a traffic infraction, in exchange for a $100 fine. At the plea proceeding, defense counsel waived formal allocution, stated that he discussed immigration consequences with defendant, and indicated that defendant authorized him to enter the plea to unlicensed driving (see Vehicle and Traffic Law § 509[2]). Two weeks earlier, counsel rejected the People's offer to plead to the misdemeanor offense of third-degree aggravated unlicensed driving, stating at that time, that he hoped to obtain a plea to unlicensed driving, which, as indicated, he ultimately obtained. Furthermore, in response to the Court's questioning, defendant stated that she understood that she was giving up her rights to a trial, to remain silent, and to have her attorney ask questions for her at trial. Thus, the record showed that defendant "clearly understood the nature of the charge[] to which [s]he was pleading and willingly entered h[er] plea to obtain the benefit of the bargain [s]he had struck" (People v Goldstein, 12 NY3d 295, 301 [2009]).
In any event, even assuming that defendant's plea was not knowing, voluntary and intelligent, the only relief defendant requests is dismissal of the accusatory instrument rather than vacatur of the plea, and she expressly requests that this Court affirm the conviction if it does not grant a dismissal. Since we do not find that dismissal would be appropriate, we affirm on this basis as well (see People v Vargas, 162 AD3d 531 [2018], lv denied 32 NY3d 942 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 16, 2024