People v Rivera-Santana (2024 NY Slip Op 05074)

People v Rivera-Santana

2024 NY Slip Op 05074

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Ind. No. 1250/18 Appeal No. 733 Case No. 2019-04016 

[*1]The People of the State of New York, Respondent,
v
Manuel Rivera-Santana, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Judgment, Supreme Court, New York County (Barry Warhit, J., at plea and sentencing; Josh E. Hanshaft, J., at motion to withdraw plea), rendered June 12, 2019, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him to a term of 5½ years, unanimously affirmed.
By order entered October 10, 2023, we held defendant's appeal in abeyance and remanded the matter for further proceedings on his pro se motion to withdraw his guilty plea, with new counsel to be assigned on the motion (220 AD3d 468 [1st Dept 2023]). On remand, Supreme Court ordered a hearing "in an effort to resolve the factual issues presented," including, as relevant here, with respect to whether defendant entered into the guilty plea knowingly, voluntarily, and intelligently. After the hearing, the court denied the motion to withdraw.
The record of the plea hearing and the post-remand evidentiary hearing shows that defendant's plea represents a voluntary and intelligent choice among the alternative courses of action that were open to him (see People v Conceicao, 26 NY3d 375, 382-383 [2015]; People v Hayes, 220 AD3d 427 [1st Dept 2023], lv denied 40 NY3d 1080 [2023]). Defendant claims that his relationship with plea counsel was secured by, and his entry into the plea deal was the product of, counsel's false promise of a guaranteed three-year sentence. Defendant further claims that the plea court pressured him to plead guilty by making "coercive threats" regarding his opportunity to enter into a plea and his sentencing prospects. We find that the hearing court did not abuse its discretion in finding that the record does not support defendant's claims (see People v Gonzalez, 185 AD2d 159, 160 [1st Dept 1992], lv denied 80 NY2d 904 [1992]).
Defendant's valid waiver of his right to appeal forecloses his excessive sentence claim, which defendant has withdrawn as moot because he has served his sentence. Were we to consider that claim, we perceive no basis to reduce the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024