People v Forde (2025 NY Slip Op 50630(U))

[*1]

People v Forde (Brandi)

2025 NY Slip Op 50630(U)

Decided on April 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2022-623 Q CR

The People of the State of New York, Respondent,
against
Brandi Forde, Appellant. 

New York City Legal Aid Society (Stephen Nemec of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Christopher Blira-Koessler and Elizabeth Gomiela of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Jeffrey Gershuny, J., at plea; Frances Y. Wang, J., at sentence), rendered December 14, 2021. The judgment convicted defendant, upon a plea of guilty, of disorderly conduct, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with, among other things, robbery in the second degree (Penal Law § 160.10 [1]). The People subsequently moved to reduce that felony charge to petit larceny (Penal Law § 155.25), dismiss the remaining felony charges, and add a charge of disorderly conduct (Penal Law § 240.20). The Criminal Court granted the application. On August 19, 2021, defendant pleaded guilty (Jeffrey Gershuny, J.) to disorderly conduct in satisfaction of the accusatory instrument, and, on December 14, 2021, was sentenced (Frances Y. Wang, J.) to a conditional discharge. On appeal, defendant contends that her guilty plea was not entered into knowingly, voluntarily, and intelligently because the court did not advise her that, by pleading guilty, she would be waiving the right to a jury trial and the privilege against self-incrimination.
As defendant concedes, her claims are not preserved for review on appeal because she did not move to withdraw her plea or vacate the judgment of conviction between the date of the plea proceeding and the date of sentencing (see People v Conceicao, 26 NY3d 375, 381-382 [2015]). [*2]We decline to review these issues in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]).
Accordingly, the judgment of conviction is affirmed.
BUGGS, J.P., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 11, 2025