People v Desz (2021 NY Slip Op 50949(U))

[*1]

People v Desz (Daniel)

2021 NY Slip Op 50949(U) [73 Misc 3d 130(A)]

Decided on September 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-1859 S CR

The People of the State of New York,
Respondent,
against
Daniel Desz, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (John Marks, J.H.O.), rendered November 13, 2019. The judgment
convicted defendant, upon his plea of guilty, of leaving the scene of an incident with property
damage without reporting, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is vacated
and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency, for all further proceedings.
Defendant was charged in a simplified traffic information with leaving the scene of an
incident with property damage without reporting (Vehicle and Traffic Law § 600 [1] [a]). In
court on November 13, 2019, defendant, appearing pro se, agreed to plead guilty to the charge.
The entirety of defendant's plea colloquy consisted of:
"[THE COURT]: One violation before the Court, leaving the scene of
an—of an incident. Violation of Vehicle and Traffic Law 600 (1) (a) (inaudible) pleading
to the charge $127 fine, $55 administrative fee, $88 surcharge. Is that your understanding,
sir?
[DEFENDANT]:
Yes.
[THE COURT]: Are you pleading guilty to
that?
[DEFENDANT]:
Yes.
[THE COURT]: Guilty plea's accepted. Total fines and
fees, $270 payable on or before December 13, 2019. Take those papers to the rail, follow the
instructions."
Defendant's contention on appeal, that his guilty plea was
unknowing, unintelligent and involuntary, "does not require preservation, because defendant
pleaded guilty and was sentenced at the same proceeding. Thus, he had no opportunity to raise
this issue in the court below by moving to withdraw his plea" (People v Guyette,59 Misc
3d 128[A], 2018 NY Slip Op 50402[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2018], citing People v Conceicao,
26 NY3d 375, 381 [2015]). 
Here, as in Guyette, "[w]hile defendant was informed of the offenses to which he
would be pleading guilty, and what the fines and surcharges would be, he never admitted his guilt
to the charge[]. The court did not ask him questions, such as whether he had been driving," what
incident occurred or what damage resulted (Guyette,59 Misc 3d 128[A], 2018 NY Slip
Op 50402[U], *2). "[T]here was virtually no allocution of the unrepresented, inexperienced
defendant. Furthermore, there was no affirmative showing on the record that defendant waived
any of his constitutional rights" (id.; see Boykin v Alabama, 395 US 238 [1969];
Conceicao, 26 NY3d 375). "Thus, it was not established that his plea was entered into
voluntarily, knowingly and intelligently" (Guyette,59 Misc 3d 128[A], 2018 NY Slip Op
50402[U], *2). Consequently, the judgment of conviction must be reversed and the guilty plea
vacated.
In view of the foregoing, defendant's remaining contentions are rendered academic, and we
do not pass upon them.
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated and the matter
is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking
Violations Agency, for all further proceedings.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 30, 2021