People v Pearson (2022 NY Slip Op 51369(U))

[*1]

People v Pearson (Raymond)

2022 NY Slip Op 51369(U) [77 Misc 3d 139(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2022-139 S CR

The People of the State of New
York, Respondent,
against
Raymond A. Pearson, Appellant. 

Danielle Coysh, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for
respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (W. Alexander Melbardis, J.H.O.), rendered
February 1, 2022. The judgment convicted defendant, upon his plea of guilty, of
operating a motor vehicle while using a portable electronic device.

ORDERED that the judgment of conviction is reversed, on the law, and the matter is
remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking
Violations Agency, for all further proceedings.
On November 9, 2021, defendant was charged in a simplified traffic information
with operating a motor vehicle while using a portable electronic device while such
vehicle was in motion (Vehicle and Traffic Law § 1225-d [1]). Defendant was
directed to appear in person or virtually before the Suffolk County Traffic and Parking
Violations Agency (SCTPVA).
On February 1, 2022, defendant electronically appeared pro se at the SCTPVA. The
entirety of defendant's plea colloquy consisted of:
"[THE COURT]: Okay. Mr. Pearson, do you agree to continue with this
virtual Zoom conference?
[DEFENDANT]: Yes, your
Honor.
[THE COURT]: Thank you. Okay. You're charged
with a five-point electronic device violation. I'm going to enter a not guilty plea[,] advise
you that you have the right to hire a lawyer and the right to go to a trial where a judge
decides whether or not you are guilty. It's my understanding that you will plead guilty to
the electronic device violation in return for a reduced fine and fees of $220. Is that
correct?
[DEFENDANT]: Yes, your
Honor.
[THE COURT]: Okay. I'll accept your guilty plea,
so-order the disposition, and you will have until . . . [March 4th] to
pay."
On appeal, defendant contends, among other things, that his
guilty plea was not made knowingly or voluntarily. This claim does not require
preservation because defendant pleaded guilty and was sentenced at the same proceeding,
and, thus, he had no opportunity to raise this issue in the court below by moving to
withdraw his plea (see People v
Conceicao, 26 NY3d 375, 381 [2015]; People v Desz, 73 Misc 3d 130[A], 2021 NY Slip Op
50949[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Guyette, 59 Misc 3d
128[A], 2018 NY Slip Op 50402[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
Here, as in Guyette and Desz, "[w]hile defendant was informed of the
offense[] to which he would be pleading guilty, and what the fines and surcharges would
be, he never admitted his guilt to the charge[]" (Guyette, 2018 NY Slip Op
50402[U], *3). The court did not ask him questions, such as whether he had been
operating a motor vehicle, whether such vehicle was in motion, and whether he had been
using a portable electronic device (see Vehicle and Traffic Law § 1225-d (1)
["no person shall operate a motor vehicle while using any portable electronic device
while such vehicle is in motion"]). While no catechism is required in connection with the
acceptance of a guilty plea, and a plea allocution based on a negotiated plea does not
require that a defendant make a specific admission as to each element of the charged
offense (see People v
Goldstein, 12 NY3d 295, 301 [2009]), here, "there was virtually no allocution of
the unrepresented, inexperienced defendant" (Guyette, 2018 NY Slip Op
50402[U], *4; see Desz, 2021 NY Slip Op 50949[U]). Moreover, the plea record
lacks the requisite "affirmative showing" that defendant understood and waived his
Boykin rights (see Boykin v Alabama, 395 US 238, 242 [1969];
Desz,2021 NY Slip Op 50949[U]; Guyette, 2018 NY Slip Op
50402[U]).
In view of the foregoing, we need not reach defendant's remaining contention.
Accordingly, the judgment of conviction is reversed, and the matter is remitted to the
District Court of Suffolk County, Suffolk County Traffic and Parking Violations
Agency, for all further proceedings.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22,
2022