People v Hernandez (2023 NY Slip Op 51060(U))

[*1]

People v Hernandez (Jason)

2023 NY Slip Op 51060(U)

Decided on October 11, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 11, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

571154/15

The People of the State of New York, Respondent, 
against
Jason Hernandez, Defendant-Appellant.

In consolidated criminal actions, defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (David Stadtmauer, J.H.O.), rendered October 21, 2015, convicting him, upon his pleas of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, unlicensed operation of a motor vehicle, attempted assault in the third degree and disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (David Stadtmauer, J.H.O.), rendered October 21, 2015, modified, on the law, to reduce the $88 surcharge and crime assistance fee on Docket number 2013BX062007 to $80; and otherwise affirmed.
Defendant challenges the guilty pleas entered in satisfaction of four accusatory instruments, alleging that he was not informed by the Court of any of the rights he was waiving by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]), and that the Judicial Hearing Officer lacked the authority to accept the pleas. However, the only relief defendant requests is dismissal of the accusatory instruments, and he expressly requests that this Court affirm his convictions if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by vacating the pleas and remanding the matters to Criminal Court for further proceedings on the four dockets at issue, dismissal is not warranted and therefore, we affirm on this basis.
Likewise, even were we to accept defendant's contention that the specific charges to which he pleaded guilty were jurisdictionally defective, we find that his specific request for dismissal of the remaining charges in each of the four instruments would not be an appropriate remedy. In view of the seriousness of the charges, including, inter alia, driving under the influence of alcohol or drugs, third-degree assault, fourth-degree criminal possession of a weapon, petit larceny, and fifth-degree criminal possession of stolen property, a penological purpose would be served by remanding the matter for further proceedings (see People v Conceicao, 26 NY3d 375, 385 n [2015]). We therefore affirm (see People v Thiam, 34 NY3d 1040, 1050 [2019]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 11, 2023