People v McLeod (2024 NY Slip Op 50271(U))

[*1]

People v McLeod (Shaquille)

2024 NY Slip Op 50271(U)

Decided on March 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570421/19

The People of the State of New York, Respondent,
against
Shaquille McLeod, Defendant-Appellant.

In consolidated criminal proceedings, defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust Lopez, J.), rendered June 5, 2019, convicting him, upon his plea of guilty, of criminal contempt in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Linda Poust Lopez, J.), rendered June 5, 2019, affirmed.
As defendant concedes, his challenge to the validity of his plea was not preserved and does not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 381—382 [2015]; People v Santos, 140 AD3d 499 [2016], lv denied 28 NY3d 1031 [2016]). We decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal. The record shows that after rejecting prior plea offers on prior dates, defendant pleaded guilty to the charge of second degree criminal contempt in satisfaction of two accusatory instruments arising from separate incidents of domestic violence. In response to the court's questioning, defendant, who was represented by counsel, stated that he was pleading guilty voluntarily and waived specific constitutional rights, including the right to trial by jury, the right to present a defense, and the right to question the People's witnesses. Thus, the record as a whole establishes defendant's understanding and waiver of his constitutional rights (see Boykin v Alabama, 395 US 238 [1969]), notwithstanding the absence of a full enumeration of all the rights waived during the course of the allocution (see People v Sougou, 26 NY3d 1053, 1054 [2015]; People v Simmons, 138 AD3d 520 [2016], lv denied 27 NY3d 1139 [2016]).
In any event, the only relief defendant requests is dismissal of the accusatory instruments, rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by reinstating the charges (see People v Conceicao, 26 NY3d at 385 n), dismissal is not warranted and we therefore affirm.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT
I concur I concurI concur

Decision Date: March 15, 2024