People v Cali (2024 NY Slip Op 03845)

People v Cali

2024 NY Slip Op 03845

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

113010
[*1]The People of the State of New York, Respondent,
v
Jesse Cali, Appellant.

Calendar Date:June 14, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (John F. Richey, J.), rendered August 4, 2021, convicting defendant upon his plea of guilty of the crime of strangulation in the second degree.
In satisfaction of a three-count indictment and other charges,[FN1] defendant pleaded guilty to strangulation in the second degree as charged in the indictment. The plea agreement was conditioned on defendant waiving his right to appeal, and he executed a written waiver of appeal as part of the plea allocution. Consistent with the terms of the agreement, County Court imposed a prison term of three years to be followed by three years of postrelease supervision, issued orders of protection and ordered defendant to pay restitution. Defendant appeals.
Defendant argues that his waiver of appeal is invalid. We disagree. The record reflects that "County Court advised defendant that an appeal waiver was a condition of his plea agreement, explained the separate and distinct nature of the appeal waiver and enumerated certain rights that survive the waiver, and defendant affirmed his understanding thereof" (People v Delosh, 227 AD3d 1276, 1276 [3d Dept 2024] [citations omitted]). During the plea allocution, defendant signed a written waiver of appeal, the validity of which we have upheld in other cases (see People v Dobbs, 217 AD3d 1276, 1277 [3d Dept 2023]; People v Rayder, 214 AD3d 1124, 1124 [3d Dept 2023]), that similarly advised him of his rights. By executing that waiver, defendant confirmed that he had read the waiver, had sufficient time to review it with counsel and had no questions about it, and "expressly indicated that he was waiving any challenge to the severity of his sentence and [was aware of] various appellate rights that he retained" (People v Delosh,227 AD3d at 1276; see People v Dobbs, 217 AD3d at 1277). To the extent that defendant claims that he was not advised of the maximum potential sentences that he could receive in the absence of the plea agreement, that point relates to the validity of the guilty plea — i.e. whether the plea was "a knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015]) — and defendant does not challenge or seek to vacate his guilty plea; this claim does not affect the validity of the waiver of appeal. We are therefore satisfied that defendant's combined oral and written appeal waiver was knowing, voluntary and intelligent (see People v Thomas, 34 NY3d 545, 559-560 [2019]) and, given the valid appeal waiver, his challenge to the severity of the sentence is foreclosed (see People v Lopez, 6 NY3d 248, 256 [2006]).
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The other charges related to a second indictment that is not included in the record on appeal, as well as certain charges pending in local criminal courts.