People v Phillips (2025 NY Slip Op 01068)

People v Phillips

2025 NY Slip Op 01068

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, O'Neill Levy, JJ. 

Ind. No. 815/18|Appeal No. 3751|Case No. 2020-01330|

[*1]The People of the State of New York, Respondent,
v
Shaniqua Phillips, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Danielle A. Bernstein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven Hornstein, J.), rendered January 17, 2020, convicting defendant, upon her plea of guilty, of assault in the second degree, and sentencing her to a term of two years, unanimously affirmed.
Defendant's challenges to the validity of her plea are unpreserved, and we decline to review them in the interest of justice. Defendant had a practical ability to raise these claims by moving to withdraw the plea, but she did not do so, and the narrow exception to the preservation requirement does not apply (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Peque, 22 NY3d 168, 182-183 [2013]).
As an alternative holding, we find that the "totality of the circumstances" indicates that the plea was entered into knowingly, intelligently, and voluntarily (People v Sosa, 28 NY3d 965, 966 [2016]; see Conceicao, 26 NY3d at 382-383). Although "[i]t would have been better practice for the court to discuss with defendant the trial rights that [she] was giving up . . . before obtaining an admission of guilt" (People v Williams, 227 AD3d 480, 481 [1st Dept 2024], lv denied 42 NY3d 1022 [2024]), there is no "particular litany" or "uniform mandatory catechism" required (Conceicao, 26 NY3d at 382). Here, defendant was sufficiently apprised of the constitutional rights she was forfeiting by pleading guilty, notwithstanding that the appraisal occurred after the court elicited admissions of fact and guilt from defendant. The validity of the plea is further supported by the fact that defendant was represented by competent counsel, with whom defendant had consulted about the constitutional consequences of her guilty plea before taking the plea, and by the favorable plea bargain that defendant received (see Sosa, 28 NY3d at 966; Conceicao, 26 NY3d at 383; People v Rojas, 227 AD3d 415, 415 [1st Dept 2024], lv denied 42 NY3d 929 [2024).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025