People v Carcamo (2025 NY Slip Op 05959)

People v Carcamo

2025 NY Slip Op 05959

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.

BARRY E. WARHIT

CARL J. LANDICINO

PHILLIP HOM, JJ.

2023-05400

(Ind. No. 70541/21)

[*1]The People of the State of New York, respondent,

v

Tyquan Carcamo, appellant.

Mark Diamond, Pound Ridge, NY, for appellant.

Susan Cacace, District Attorney, White Plains, NY (Amie M. Johnson and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (James A. McCarty, J.), rendered May 11, 2023, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed.

Generally, a defendant must preserve for appellate review a challenge to the validity of a plea of guilty by moving to withdraw it or otherwise objecting to its entry prior to the imposition of sentence (see People v Williams, 27 NY3d 212, 214). In this case, the defendant's challenge to the validity of his plea of guilty is unpreserved for appellate review since he did not move to withdraw his plea of guilty or otherwise object to its entry prior to the imposition of sentence. Contrary to the defendant's contention, the narrow exception to the preservation rule does not apply here, as the defendant's plea allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666). In any event, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see generally People v Conceicao, 26 NY3d 375, 382-383).

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Batista, 167 AD3d 69). The defendant's valid waiver of his right to appeal precludes appellate review of the defendant's contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256; People v Batista, 167 AD3d at 75).

DILLON, J.P., WARHIT, LANDICINO and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court